Defendant-appellant, Carl Edwin "Ed" Tackett, appeals a conviction entered upon a jury verdict in the Butler County Court of Common Pleas on July 14, 1997. Appellant was found guilty of gross sexual imposition with a person under thirteen years of age, which is a violation of R.C.2907.05(A)(4). Appellant was also found to be a sexual predator. We affirm.
On February 20, 1997, appellant was indicted on three counts of gross sexual imposition with a person under thirteen. The first count of the indictment alleged that appellant had sexual contact with Leslie[1] in July 1992. The second count alleged that appellant again had sexual contact with Leslie in August 1996. The third count alleged that appellant had sexual contact with Tricia sometime during July or August 1996. Appellant is Tricia's stepgrandfather.
On May 29, 1997, the jury found appellant not guilty on Counts one and two and guilty on Count three. On July 14, 1997, the trial court sentenced appellant to serve five years in prison and adjudicated appellant to be a sexual predator. Appellant appeals his conviction and the sexual predator determination and presents four assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT EXERCISED AN ABUSE OF DISCRETION BY NOT SEVERING COUNTS ONE AND TWO FROM COUNT THREE PURSUANT TO CRIMINAL RULE 14 AND SUCH ABUSE OF DISCRETION PREJUDICED THE DEFENDANT.
On May 20, 1997, appellant filed a motion to sever Counts one and two from Count three, asserting that "the facts and circumstances supporting Counts One and Two are completely different from those supporting Count Three and therefore would be inadmissible at the trial on Count Three." Appellant argued that, "A review of the Indictment indicates that there are two separate victims against whom [appellant] allegedly had sexual contact. This fact by itself should be sufficient reason to sever Counts One and Two from Count Three."
Crim.R. 14 allows a court to grant relief from prejudicial joinder if "it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint." However, "[t]he law favors joining multiple offenses in a single trial under Crim.R. 8(A)[2] if the offenses charged are of the same or similar character." State v. Miller (1995), 105 Ohio App.3d 679, 690, following State v. Franklin (1991), 62 Ohio St.3d 118, 122, certiorari denied (1992), 504 U.S. 960, 112 S.Ct. 2315.
In order to assert that the trial court erred by not severing the counts, appellant must show how he was prejudiced as required by Crim.R. 14 and State v. Torres (1981), 66 Ohio St.2d 340. State v. Lorraine (1993), 66 Ohio St.3d 414, 425, certiorari denied (1994), 510 U.S. 1054, 114 S.Ct. 715. Torres requires that:
 A defendant claiming error in the trial court's refusal to allow separate trials of multiple charges under Crim.R. 14 has [1] the burden of affirmatively showing that his rights were prejudiced; [2] he must furnish the trial court with sufficient information so that it can weigh the considerations favoring joinder against the defendant's right to a fair trial; and [3] he must demonstrate that the court abused its discretion in refusing to separate the charges for trial.
Torres, 66 Ohio St.2d 340, syllabus. Under the first element of the Torres test, when "a defendant claims that he was prejudiced by the joinder of multiple offenses, a court must determine (1) whether evidence of the other crimes would be admissible even if the counts were severed, and (2) if not, whether the evidence of each crime is simple and distinct." State v. Schaim (1992),65 Ohio St.3d 51, 59.
A review of the facts of this case shows that the evidence of each crime was simple and distinct. Each of the counts involved separate incidents, and the jury had the benefit of hearing both victims separately describe the incidents. The first count involved an incident in which it was alleged that in July 1992, appellant pulled down Leslie's underpants and touched her genitals with his tongue. The second count involved an alleged incident in August 1996 in which appellant again tried to remove Leslie's underpants. The third count involved an alleged incident in July or August 1996 in which appellant pulled down Tricia's underpants and touched her buttocks with his penis. We find that a reasonable person could easily differentiate between the counts of the indictment, and therefore appellant was not prejudiced by the counts being considered together.
Additionally, the fact that the jury found appellant not guilty of the first two counts, and then found appellant guilty of the third count, demonstrates the jury's ability to segregate the proof of each charge. State v. Brooks (1989), 44 Ohio St.3d 185,195. Also, the jury instructions may be considered by a reviewing court in determining whether the defendant was prejudiced. State v. Sexton (Mar. 9, 1998), Stark App. Nos. 1996CA00306, 1996CA00367, unreported, at 12-13. In the present case, the trial court instructed the jury in part as follows:
 The charges set forth in each count in the indictment constitute a separate and distinct matter. You must consider each count and the evidence applicable to each count separately and you must state your finding as to each count uninfluenced by your verdict as to any other count.
A presumption exists that a jury has followed the instructions given to it by the trial court. State v. Murphy (1992), 65 Ohio St.3d 554,584, certiorari denied (1993), 510 U.S. 834,114 S.Ct. 109. Therefore, we may presume that the jury considered each count and the evidence applicable to each count separately.
Accordingly, we find that appellant has not satisfied the first requirement of the Torres test because the evidence of each crime was separate and distinct. Therefore, the trial court did not abuse its discretion by not severing Counts one and two from Count three of the indictment. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED BY NOT GRANTING DEFENDANT'S MOTION FOR A RULE 29 DIRECTED VERDICT AT THE CLOSE OF THE STATE'S CASE.
Appellant argues that the state's evidence on all three counts of gross sexual imposition was insufficient as a matter of law to justify a conviction. We only need to determine whether appellant's Crim.R. 29 motion should have been granted for the third count. It is a moot issue whether the trial court should have acquitted appellant on the first two counts pursuant to Crim.R. 29 because the jury ultimately acquitted appellant.[3]
Crim.R. 29(A) states:
 Motion for judgment or acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
A trial court's decision to deny a Crim.R. 29(A) motion for acquittal based upon the sufficiency of the evidence will be upheld if, construing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the charge proven beyond a reasonable doubt. State v. Dennis (1997), 79 Ohio St.3d 421, 430-31, following Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781, 2789, and State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Appellant was convicted as charged in count three of the indictment of gross sexual imposition, a violation of R.C. 2907.05-(A)(4). R.C. 2907.05(A) states:
 No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
* * *
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
Sexual contact is defined as "any touching of an erogenous zone of another, including without limitation the buttock, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
As evidence that appellant committed gross sexual imposition, the state offered the testimony of Tricia, the alleged victim. Tricia testified that one night at her grandmother's house sometime after July 4th, she was sleeping on her stomach when "Pawpaw" came into her room. Tricia testified that he pulled down her panties and touched "his private" to her "butt." Tricia described how his private felt, how she recognized that it was "Pawpaw," and her position in relation to his position.
After having reviewed the complete record and construing the evidence in a light most favorable to the state, we find that a rational trier of fact could have found the essential elements of count three of appellant's indictment proven beyond a reasonable doubt. Therefore, the trial court did not err in overruling appellant's motion for an acquittal pursuant to Crim.R. 29. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE DEFENDANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant argues that a review of the record shows that appellant's conviction was against the manifest weight of the evidence. We disagree.
"The weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." State v. Smith (1997), 80 Ohio St.3d 89, 113, following State v. Thompkins (1997), 78 Ohio St.3d 380, 387. The weight to be given the evidence and the credibility of the witnesses are primarily issues to be decided by the trier of fact. State v. Bell (Jan. 26, 1998), Madison App. No. CA96-07-027, unreported, at 15. "The trier of fact has the benefit of seeing and hearing the witnesses testify, and is in the best position to determine the facts of the case." State v. Burdine-Justice (Mar. 30, 1998), Clermont App. No. CA97-05-052, unreported, at 16.
In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of the conflicting testimony. Thompkins, 78 Ohio St.3d at 387.
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
We have already detailed the victim's testimony in appellant's second assignment of error. Appellant argues that Tricia's testimony was untrue because she testified that appellant did not emit any particular aroma. Appellant contends that he would have smelled of cigarette smoke because he is a smoker. Appellant also argues that Tricia should have testified that she experienced pain when appellant supposedly placed his penis inside her buttocks.
This case essentially comes down to a question of credibility between appellant and the victim.
 Our role in assessing credibility is very limited because we do not have the same opportunity that the trier of fact has in being able to see the witnesses testify and their demeanor while they testified. Instead, we have only the printed words of the record.
State v. Edwards (Feb. 17, 1998), Clermont App. No. CA97-04-035, unreported, at 12-13. A review of the record shows that a reasonable person could believe the victim's version of the events. The jury was able to consider the detail of the victim's testimony in conjunction with the victim's age at the time of the incident (seven years old) and her age when she testified (eight years old). Also, the state did not allege that appellant penetrated the victim's buttocks, but only that he touched her buttocks. Gross sexual imposition involves sexual contact, which is different than sexual conduct because it does not require penetration. See R.C. 2907.01(A) and (B). Therefore, it is reasonable to conclude that the victim may not have suffered any pain, and appellant's conduct was enough to constitute gross sexual imposition.
Following a review of the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of witnesses, we find no basis to believe that the jury clearly lost its way, that a manifest miscarriage of justice occurred, or that appellant's convictions were against the manifest weight of the evidence. See Smith, 80 Ohio St.3d at 114. Therefore, we find that the greater amount of credible evidence, or the manifest weight of the evidence, supports appellant's conviction. Appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 THE TRIAL COURT IMPROPERLY APPLIED R.C. 2950.09
WHEN IT ADJUDICATED DEFENDANT A SEXUAL PREDATOR.
Appellant presented three issues for review and argument with respect to this assignment of error: (1) the Ex Post Facto Clause of the United States Constitution is violated when substantive law is applied retroactively to an individual and imposes new and additional burdens and duties on him; (2) the Retroactive Law Clause of the Ohio Constitution is violated when substantive law is applied retroactively to an individual and imposes new and additional burdens and duties on him; and (3) the trial court erred by failing to comply with the hearing requirements established by R.C. 2950.09 and by adjudicating appellant a sexual predator. We review appellant's three issues in the order that they have been presented.
 I
Appellant argues that R.C. 2950 violates the Ex Post Facto Clause of the United States Constitution because it was applied retroactively to appellant, it was enacted with punitive legislative intent, and the effects of R.C. 2950 are punitive. We find no merit in appellant's argument because we have already considered and rejected this argument in State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported.
In Lyttle, this court held that the classification of a person as a sexual predator pursuant to R.C. 2950.09(C) does not violate the Ex Post Facto Clause of the United States Constitution because "the classification scheme and attendant registration, verification, and notification provisions set forth in R.C. Chapter 2950 are not punitive." State v. Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-05-045, et. al., unreported, at 9, quoting Lyttle at 26.
 II
Appellant next argues that R.C. 2950 violates the Retroactive Law Clause of the Ohio Constitution because it retroactively imposes new and additional burdens and duties on an offender. We again find no merit in appellant's argument because we have already considered and rejected this argument in Lyttle and held that:
 R.C. Chapter 2950 does not violate the Ohio Constitutional prohibition against retroactive legislation because "application of R.C. Chapter 2950 does not impair or take away any vested rights, affect an accrued substantive right, or impose new or additional burdens, duties, obligations or liabilities based upon past conduct."
Nicholas, at 9-10, quoting Lyttle, at 34.
 III
Appellant next argues that the trial court erred by failing to comply with the hearing requirements established by R.C. 2950.09
and by adjudicating appellant a sexual predator. A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). In making the determination of whether an offender is a sexual predator, the judge shall consider all factors, including, but not limited to, the factors listed in R.C. 2950.09(B)(2)(a-j).[4] In determining an offender's propensity to commit future sex offenses, "the trier of fact can use past behavior to gauge future propensity to commit crimes since past behavior is often an indicator of future violent tendencies." State v. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-046, unreported, at 5, following Kansas v. Hendricks (1997), ___ U.S. ___, 117 S.Ct. 2072, and State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported.
A review of the record shows that during appellant's sexual predator hearing the trial court, in determining whether appellant was a sexual predator, specifically referenced five of the ten factors listed in R.C. 2950.09(B)(2)(a-j). The court stated that it had "taken into consideration the evidence, the arguments of counsel, the presentence report, the trial in an of itself, for which [appellant] was found guilty, and the testimony presented here today." The court also stated that it found appellant to be a sexual predator by clear and convincing evidence.
After having reviewed the complete record and considering all factors, including, but not limited to, the factors listed in R.C. 2950.09(B)(2)(a-j), we find that the trial court complied with the statute and did not err in finding appellant to be a sexual predator. Accordingly, appellant's fourth assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] We have chosen to refer to the alleged victims only by their first names.
[2] Crim.R. 8(A) allows two or more offenses to be charged in "the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character." Crim.R. 8(A).
[3] We note that there was no motion for a "directed verdict." A review of the transcript shows that trial counsel moved for a "dismissal or acquittal on Counts One, Two and Three pursuant to [Crim.]R. 29."
[4] R.C. 2950.09(B)(2) states:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously had been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offenders participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.