OPINION
Defendant-appellant Edward Lewis Prowell, Jr. appeals his conviction and sentence entered by the Stark County Court of Common Pleas on one count of rape and one count of burglary following a jury's verdict of guilty on both counts. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE FACTS
Appellant had dated Julie Tomlinson, the victim, for over two years when Ms. Tomlinson decided to end the relationship. Appellant continued to follow and telephone Ms. Tomlinson, demanding they spend time together.
Shortly after midnight on February 27, 1998, Ms. Tomlinson had returned home from work when her doorbell rang. Ms. Tomlinson talked to the visitor through the door. The visitor identified himself as appellant and told Ms. Tomlinson he was tired of fighting and wanted to end the matter with their remaining friends. Appellant said all he wanted was to hug her one last time, to say goodbye, and to part as friends. Ms. Tomlinson allowed appellant into her apartment[1].
Upon entering the apartment, appellant immediately locked the door. He informed Ms. Tomlinson he wanted to have sex with her one last time. Ms. Tomlinson told appellant, "No way."
Appellant forced Ms. Tomlinson to the couch, climbed on top of her, and began removing her clothes. Ms. Tomlinson advised appellant she did not want to have sex, but appellant continued to undress her.
When Ms. Tomlinson screamed, appellant threatened to put a pillow over her head if she continued. Ms. Tomlinson repeatedly asked appellant to stop and leave, but appellant persisted in undressing her and performed oral sex on her. Appellant pulled Ms. Tomlinson to the floor and undressed himself. Appellant attempted vaginal intercourse with Ms. Tomlinson. Appellant then put his penis in Ms. Tomlinson's mouth and ejaculated. Ms. Tomlinson collapsed from the ordeal. When she awoke, appellant was gone.
Ms. Tomlinson went to work later that day where she was upset and nervous. She eventually told her boyfriend, Dr. Butty, what happened. Dr. Butty had Ms. Tomlinson call the police to report the incident.
The next time Ms. Tomlinson saw appellant was on March 18, 1998. Ms. Tomlinson was sleeping and was awakened by a noise. She proceeded downstairs to investigate when she saw appellant trying to fix the front window. Ms. Tomlinson called 911. Appellant pursued Ms. Tomlinson into her bedroom. Appellant pushed Ms. Tomlinson, knocked property around the room, took the phone from her and threw it. Appellant told her he was worried about her and missed her.
When the police arrived, Ms. Tomlinson advised them appellant had broken into her apartment and she called 911. The police then arrested appellant.
Appellant testified and admitted having sex with Ms. Tomlinson on February 27, 1998, but claimed the sex was consensual. Appellant also admitted breaking into Ms. Tomlinson's apartment on March 18, 1998, but did so because he was concerned about her. He explained he was concerned because she had told him about her prior suicide attempts and was seeing a psychologist. Appellant testified he entered the apartment only after his ringing the doorbell and calling her name were met with no response. Ms. Tomlinson confirmed she had told appellant about her prior suicide attempts and she was seeing a psychologist.
Appellant assigns as error:
 I. THE APPELLANT WAS DENIED A FAIR TRIAL, THE EFFECTIVE ASSISTANCE OF COUNSEL, AND DUE PROCESS OF LAW GUARANTEED HIM BY BOTH THE UNITED STATES AND OHIO CONSTITUTIONS, WHEN THE TRIAL COURT DENIED HIS MOTION TO SEVER COUNT I FROM COUNT II FOR THE PURPOSE OF TRIAL.
 II. THE APPELLANT WAS DENIED DUE PROCESS OF LAW GUARANTEED HIM BY THE FIFTH AND FOURTEENTH AMENDMENTS DUE TO THE FACT THAT HIS CONVICTION FOR RAPE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE APPELLANT WAS DENIED DUE PROCESS OF LAW GUARANTEED HIM BY THE FIFTH AND FOURTEENTH AMENDMENTS DUE TO THE FACT THAT HIS CONVICTION FOR BURGLARY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Prior to trial, counsel for appellant filed a motion to sever the two counts for purposes of trial. The trial court denied the motion. Appellant contends he was prejudiced as a result of the joinder of two counts because the offenses occurred on different dates, were not continuing in time or conduct, and were totally unconnected to each other. Appellant submits the jurors' questions during deliberations regarding whether appellant had been notified of the rape charge prior to the breaking and entering, and what was being done about the rape charge prior to the break-in are evidence appellant was prejudiced by the joinder.
Crim.R 8 provides:
 Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offenses if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.
The law favors the joinder of multiple offenses in a single trial.State v. Franklin (1991), 62 Ohio St.3d 118, 122; State v. Lott
(1990), 51 Ohio St.3d 160, 163. As stated by the Ohio Supreme Court:
 Joinder and the avoidance of multiple trials is favored for may reasons, among which are conserving time and expense, diminishing the inconvenience to witnesses and minimizing the possibility of incongruous results in successive trials before different juries.
 State v. Torres (1981), 66 Ohio St.2d 340, 343.
We note both offenses involved a common victim, a common location, and both occurred within a three week period. We further find both charges involved a common motive or intent, i.e., appellant's attempt to continue a relationship with the victim. As such, we find appellee could have introduced evidence of the other offense in the trial of the severed charge under Evid.R. 404(B). Furthermore, we find the evidence produced for each of the offenses was simple and direct. State v. Williams
(1995), 73 Ohio St.3d 153, 158. Accordingly, we conclude the trial court did not abuse its discretion in overruling appellant's motion to sever the charges for trial.
Appellant's first assignment of error is overruled.
 II
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380,387 citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
Herein, appellant contends his conviction for rape was based solely upon the testimony of Ms. Tomlinson and such testimony was incredible. Credibility is a matter best determined by the trier of fact. Upon our review of the evidence as noted in the Statement of Facts, supra, and the entire record, we cannot conclude the jury's verdict was against the manifest weight of the evidence.
Appellant's second assignment of error is overruled.
 III
Our standard of review is the same as set forth in our discussion of appellant's second assignment of error, supra.
Herein, appellant asserts the evidence supported his defense of privilege, i.e., there existed at the time of his entry into Ms. Tomlinson's apartment, "a necessity" to trespass to assure her well being. We find the jury's rejection of this alleged defense within their province as the trier of fact. Based upon Ms. Tomlinson's testimony as noted in the Statement of Facts, supra,
and the entire record, we find the jury's verdict was not against the manifest weight of the evidence.
Appellant's third assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
[1] Ms. Tomlinson admitted at trial she lied to the police when she first told them appellant forced his way into the apartment while she went outside for the mail.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.