OPINION
On April 4, 1997, the Fairfield County Grand Jury indicted appellant, Michael Shane Greene, on five counts of rape in violation of R.C. 2907.02, eight counts of gross sexual imposition in violation of R.C. 2907.05 and one count of sexual imposition in violation of R.C. 2907.06(A)(4). Six of the counts carried a sexually violent predator specification pursuant to R.C. 2941.148. Said charges arose from incidents involving three boys under the age of thirteen and one boy thirteen years of age. On September 25, 1997, appellant filed a motion to dismiss the sexually violent predator specification, a motion for disclosure of grand jury testimony and a motion for relief from prejudicial joinder pursuant to Crim.R. 14. A hearing was held on November 6, 1997. By memorandum filed December 17, 1997 and entry filed February 10, 1998, the trial court denied all motions. A jury trial was set for April 28, 1998. On said date, pursuant to a plea agreement, appellant pled no contest to the charges minus the six specifications. By judgment entry of plea filed April 30, 1998, the trial court accepted the plea agreement, dismissed the specifications and set a sentencing hearing for May 6, 1998. On said date, the trial court conducted a hearing and determined appellant should undergo a psychological evaluation to determine his prognosis for rehabilitation for sentencing purposes. See, Entry filed May 13, 1998. The psychological evaluation was filed on June 17, 1998. By notice filed July 27, 1998, the sentencing hearing was set for August 24, 1998. This hearing was apparently continued to August 31, 1998 because on August 26, 1998, appellee filed a motion to continue the hearing due to the unavailability of a witness on August 31, 1998. By entry filed October 2, 1998, the trial court granted the motion and set the sentencing hearing for October 15, 1998. By judgment entry of sentence filed October 29, 1998, the trial court sentenced appellant to sixteen years in prison followed by nine years suspended for community control. The trial court also labeled appellant a sexual predator. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I APPELLANT'S RIGHTS WERE PREJUDICED BY THE TRIAL COURT'S REFUSAL TO SEVER THE CHARGES FOR TRIAL.
 II THE TRIAL COURT SHOULD HAVE GRANTED APPELLANT'S MOTION TO DISMISS SEXUALLY VIOLENT PREDATOR SPECIFICATIONS.
 III THE UNJUSTIFIED AND LENGTHY DELAY BETWEEN FINDINGS OF GUILT AND SENTENCING DIVESTED THE TRIAL COURT OF JURISDICTION TO SENTENCE THE DEFENDANT.
 IV APPELLANT'S RIGHTS WERE PREJUDICED BY THE TRIAL COURT'S REFUSAL TO GRANT DISCLOSURE OF GRAND JURY TESTIMONY.
Before discussing the assignments of error, we will address an argument propounded by appellee. Appellee argues the "no contest" plea entered by appellant pursuant to the plea agreement did not preserve appellant's right to appeal the denial of his pretrial motions. By plea agreement filed April 28, 1998, appellant agreed to appellee's sentencing recommendation of twenty-five years in prison with nine years suspended for community control. In exchange, appellee agreed to dismiss the six specifications. During the taking of the plea, the trial court specifically reviewed the provisions of Crim.R. 11 with appellant and explained to appellant his right to appeal as follows: Now, you do have one right of appeal that maintains itself regardless of whether you plead guilty or no contest. And that is, in the event the court would sentence you to the maximum penalty, the maximum number of years, you'd have a right to appeal that decision whether you're found guilty upon a plea of no contest or you plead guilty.
April 28, 1998 T. at 18-19. At the sentencing hearing, the trial court agreed with the terms of the plea agreement and sentenced appellant accordingly. Contra to the trial court's explanation of appellant's right to appeal is the language of Crim.R.12(H) which states "[t]he plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence." In State v. Engle (1996), 74 Ohio St.3d 525, the Supreme Court of Ohio found a negotiated plea made with six specific references to preserving the right to appeal did indeed preserve the right to appeal. In the case sub judice, appellant received the benefit of the bargain, dismissal of the specifications and a twenty-five year prison sentence with nine years suspended instead of possible life imprisonment if convicted. The question therefore is whether an appellant can waive his right to appeal after pleading no contest in exchange for a reduced sentence. In order to answer this question, it is necessary to examine the plea agreement. Within the agreement at paragraph V is an escape clause on the dismissal of the specifications in the event the trial court did not accept the plea: In the event this Agreement subsequently becomes null and void, then the parties shall be returned to the positions they were in before this Agreement. The Defendant and his counsel affirmatively acknowledge, by signing this Agreement, that in the event this Agreement is ultimately declared null and void the Defendant waives any argument he may have concerning double jeopardy.
Based upon the agreement itself which saves appellee's dismissals and recommendations, we find the spirit of Crim.R. 12(H) should be preserved. Appellant has the right to appeal the denial of his pretrial motions.
 I
Appellant claims the trial court erred in denying his motion to sever the counts of the indictment. We disagree. Crim.R. 8 permits the joinder of offenses "if the offense charged * * * are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." Appellant argues he should have been afforded separate trials pursuant to Crim.R. 14 which states "[i]f it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment * * *, or by such joinder for trial together of indictments * * *, the court shall order an election or separate trial of counts * * *, or provide such other relief as justice requires." Under State v. Torres (1981), 66 Ohio St.2d 340, syllabus, appellant has the burden of establishing undue prejudice: A defendant claiming error in the trial court's refusal to allow separate trials of multiple charges under Crim.R. 14 has the burden of affirmatively showing that his rights were prejudiced; he must furnish the trial court with sufficient information so that it can weigh the considerations favoring joinder against the defendant's right to a fair trial, and he must demonstrate that the court abused its discretion in refusing to separate the charges for trial.
In his memorandum in support of his motion for relief from prejudicial joinder filed September 25, 1997, appellant argued the following: In this case, this Court should sever the various counts for trial due to the prejudice a single trial will cause Mr. Greene. The jury in a single trial will see that Mr. Greene is charged with fourteen (14) separate charges involving four difference (sic) alleged victims, all of whom are young boys, over a period of approximately five months. This multiplicity of counts and alleged victims will accumulate the evidence to Mr. Greene's detriment and prejudice. * * * The jury will assume that Mr. Greene is a bad person and must be guilty, purely because of the multitute (sic) of counts and alleged victims.
Additionally, from the Indictment and the Bill of Particulars it is apparent that the evidence may well be rather confusing for the jury to discern. These various offenses are alleged not to have occurred on specific dates but over a span of months. Presumably, since the alleged victims are children, they will have difficulty testifying to an exact date or time. The possibility of confusion and indefiniteness is obvious, with the attendant danger that the jury will let `weak' evidence be adequate for conviction simply because there are so many counts and alleged victims. There is a tremendous potential for the trier of fact to confuse the offenses which are alleged or to cumulate the evidence of one offense, letting it in essence, prove one or more the other charges.
Similarly, Mr. Greene may well be served in his defense, by electing to testify in his own behalf as to certain of the charges, but he may be forced to waive his right to testify as to certain counts because such would be detrimental in respect to the other counts.
By memorandum filed December 17, 1997, the trial court found the fourteen counts were "based upon two or more acts or transactions connected together constituting parts of a common scheme or plan as required by Rule 8. Furthermore, it would waste needless time to separate and hear each count individually, and the victims and witnesses would also be needlessly inconvenienced." A bill of particulars was filed June 4, 1997. The fourteen counts involve essentially the same sexual contact/conduct with four different children on different dates in the same location, appellant's home, with the exception of Counts 8 and 9 which further allege the acts could have occurred at the victim's home. Counts 1-6 involve the same child. Counts 7, 8 and 9 involve another child. Counts 10-13 involve the third child and Count 14 involves the fourth child. Clearly the allegations are similar, sexual contact/conduct with young boys at appellant's home. Three of the children are brothers. November 7, 1997 T. at 27. Possibly appellant committed these acts while babysitting the children. Id. at 25. Apart from the identical modus operandi of the fourteen counts are the specifications that allege appellant is a sexually violent predator who has prior convictions for gross sexual imposition. Upon review, we concur with the trial court that the fourteen counts indicate a pattern and course of similar conduct as envisioned by Crim.R. 8. Also, with the sexually violent predator specifications for prior sexual assaults, we fail to find any undue prejudice to appellant by joinder. Assignment of Error I is denied.
 II
Appellant claims the trial court erred in not dismissing the sexually violent predator specifications. We disagree. In his motion filed September 25, 1997, appellant challenged the specifications on Constitutional grounds: vagueness, due process, equal protection, double jeopardy and cruel and unusual punishment. By memorandum filed December 17, 1997, the trial court analyzed appellant's challenges and found they lacked merit. We concur with the trial court's well reasoned memorandum. Further, per the plea agreement filed April 28, 1998, the trial court specifically dismissed these specifications. See, Judgment Entry of Plea filed April 30, 1998. Assignment of Error II is denied.
 III
Appellant claims the trial court erred in delaying the sentencing from the date of his negotiated plea, April 28, 1998, to the date of sentencing, October 15, 1998 (Judgment Entry of Sentence was filed on October 29, 1998). We disagree. By judgment entry of plea filed April 30, 1998, the trial court accepted the plea agreement and set a sentencing hearing for May 6, 1998. On said date, the trial court conducted a hearing and determined appellant should undergo a psychological evaluation to determine his prognosis for rehabilitation for sentencing purposes. See, Entry filed May 13, 1998. The trial court was concerned with appellant's propensity to commit sexual offenses and noted "I'm not satisfied that the penal system has sufficient therapy and/or counseling available for those who may be psychologically unhealthy in this respect." May 6, 1998 T. at 29. The trial court went on to state the following: And if there's any possibility that — or at least a reasonable possibility that Mr. Greene can be rehabilitated with therapy and counseling and so forth, as opposed to incarceration, the court might — or the court will consider its own degree of punishment as opposed to what's been recommended. I'm not saying it'll be less. It certainly won't be more. But I think at this point, based on the circumstances, that the Court needs to have some more information before it makes what is a very significant decision as far as the State's concerned, the victims are concerned, the family, and also the Defendant.
Id. at 30-31.
Defense counsel agreed a psychological evaluation "would be very helpful to the Court." Id. at 34. The psychological report generated from the court's order was filed on June 17, 1998. By notice filed July 27, 1998, the sentencing hearing was set for August 24, 1998. The hearing was continued to October 15, 1998 after appellee requested a continuance due to the unavailability of a witness. The trial court's desire to have additional information regarding appellant's amenability to rehabilitation was reasonable. Appellant was not prejudiced by the delay as he was given the sentence set forth in the plea agreement. Arguably the delay caused by the psychological evaluation was to the benefit of appellant. Furthermore, appellant never objected to the psychological evaluation or the August hearing date nor its subsequent continuance. In fact, appellant sought to further delay sentencing by filing a motion for an independent evaluation on June 4, 1998. Had the trial court granted this motion, additional time would have been needed to conduct the evaluation and file the report. Assignment of Error III is denied.
 IV
Appellant claims the trial court erred in refusing to disclose grand jury testimony. We disagree. Because there can be no showing of "prejudice" to appellant given the fact a trial was not held, we find this argument similar to a motion in limine susceptible to reconsideration during the course of the trial. We agree with our brethren from the Sixth District in State v. Benson (March 31, 1992), Wood App. No. 90WD102, unreported, wherein the court held the following: * * * we find no authority that permits a defendant to appeal an evidentiary ruling made in a trial that was prematurely terminated by a no contest plea. To allow a defendant to plead no contest immediately following an adverse evidentiary ruling and then appeal that ruling, would be to permit a defendant to interrupt his trial at any time to pass questions as to the admissibility of evidence on to the court of appeals in the hope of prevailing and having the opportunity to start his trial over again.
Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Edwards, J. concur.