OPINION
This appeal is brought by Defendant-Appellant, Clifford Adkins, from a judgment of the Court of Common Pleas of Hancock County entered pursuant to a jury verdict of guilty on one count of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1). Appellant contends that he was prejudiced by the trial court's consolidation of his trial with that of Danny Caudill, and by the trial court's interference in voir dire proceedings. He also alleges that the evidence was insufficient to support his conviction and that the verdict was against the manifest weight of the evidence. For the reasons expressed in the following opinion, we affirm the judgment of the trial court.
The following facts provide a concise background:
On April 27, 1996, a truck hauling produce from McAllen, Texas and destined for Cherry's Farm Market in Ottawa, Ohio, was stopped at a weigh station in the state of Kentucky. At that time, it was discovered by the Kentucky authorities that the truck was carrying sixty-five bundles of marijuana hidden in a load of onions to mask the drug's distinctive smell. As a result of this incident, a lengthy investigation began into the activities of several individuals in various counties around Northwest Ohio, including Hancock and Allen counties.
The investigation included controlled drug buys carried out by confidential informants and the use of wiretaps and pen register trace devices. From the information gained throughout the investigation, officers with the Multi Area Narcotics Task Force and various other law enforcement agencies learned that the leader of the Ohio branch of the drug ring, Jesse Ramirez, Sr., would hire runners to drive to Texas to retrieve large amounts of cocaine or marijuana. Ramirez would then package the drugs into smaller quantities and employ individuals to make the sales. Authorities learned that in June and July of 1996, Appellant sold marijuana to a confidential informant. The investigation ended in December 1996 and, as a result, Appellant and thirty-seven other members of the alleged Ramirez drug enterprise were arrested on December 10th of that year.
On December 17, 1996, the Hancock County Grand Jury indicted Appellant on one count of engaging in a pattern of corrupt activity. Appellant subsequently entered a not guilty plea and the case was set for a jury trial that was to begin in July 1997.
Shortly before the commencement of the trial, the State of Ohio filed a motion to consolidate Appellant's case with that of Danny Caudill, another alleged member of the drug enterprise. Caudill's trial was to begin one day before Appellant's and much of the same evidence concerning the drug enterprise was to be used in both trials. Counsel for Appellant filed a memorandum in opposition to the consolidation. On July 3, 1997, the trial court conducted a hearing on the matter and ordered the trials consolidated.
The trial of both defendants began on July 8, 1997 and, after hearing all of the evidence, the jury returned a guilty verdict on the single count against Appellant. Thereafter, the trial court ordered Appellant to serve a prison term of six to twenty-five years; the sentence was journalized on September 5, 1997. Although Appellant filed a timely notice of appeal from the conviction, this court dismissed the matter for Appellant's failure to comply with the Rules of Appellate Procedure. The order of dismissal was later vacated and the case was reopened to allow the instant direct appeal wherein Appellant asserts three assignments of error for our consideration and review.
 Assignment of Error I
The trial court erred when it granted the State's motion to consolidate the trials of * * * Adkins, and Caudill.
Crim.R. 14 allows relief from prejudice resulting from joinder of offenses or defendants for the purpose of trial. A defendant assigning error to the joinder of defendants, as in this case, must affirmatively demonstrate that his rights were prejudiced by such consolidation. State v. Parker (1991),72 Ohio App.3d 456, 460, citing State v. Torres (1981),66 Ohio St.2d 340.
Appellant essentially maintains that the consolidation of his trial with that of Danny Caudill was prejudicial because the jury must have convicted him based upon a determination of "guilt by association" since Caudill had six counts against him and the evidence illustrated that this co-defendant was more involved in the drug enterprise than Appellant. We reject this argument.
While it is true that much of the evidence presented to the jury had to do with the general structure of the enterprise and Caudill's activities therein, a thorough review of the record leads us to conclude that the "evidence relative to each defendant was direct and uncomplicated, so that the jury was capable of segregating the proof" as to Appellant and Caudill. Parker,72 Ohio App.3d 456 at 460, citing State v. Brooks (1989), 44 Ohio St.3d 185. Furthermore, Appellant cannot point to any specific part of the record that would affirmatively demonstrate prejudice. Therefore, this entire argument is based upon speculation.
Appellant's first assignment of error is overruled.
 Assignment of Error II
The trial court erred when it continually interfered with the voir dire conducted by Mr. Adkins.
As a threshold matter, we must note that while Appellant cites to several parts of the voir dire transcript to support his argument that the trial court unreasonably interfered with the proceedings, defense counsel never objected to the court's interjections. Therefore, this matter has not been properly preserved for appellate review.
As a result of this waiver, our consideration of the issue is limited to a plain error analysis under Crim.R. 52(B). It has been held that plain error does not exist "unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Biros (1997), 78 Ohio St.3d 426,431. In this case, Appellant can point to no evidence tending to show that he would have been acquitted had the trial court not occasionally interrupted a voir dire that lasted for approximately a day and a half in order to clarify some of the questions defense counsel posed to the prospective jurors. Likewise, we cannot make such an inference from the evidence before us.
Appellant's second assignment of error is overruled.
 Assignment of Error III
The jury erred when it returned a guilty verdict.
Although it is not clearly stated in the third assignment of error, Appellant argues that a reversal is required since the jury returned a verdict that was based upon insufficient evidence and was against the manifest weight of the evidence. Since sufficiency and weight are two distinct legal concepts, State v.Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus, we must address each argument separately.
We will first discuss Appellant's assertion that the evidence was insufficient to convict him of engaging in corrupt activity. When reviewing a claim of insufficient evidence:
 An appellate court * * * [must] examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
R.C. 2923.32(A) provides that:
 No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity * * *
R.C. 2923.31(C) defines "enterprise" as:
 * * * any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity. "Enterprise" includes illicit as well as licit enterprises.
Further, R.C. 2923.31(E) states, in relevant part:
 "Pattern of corrupt activity" means two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event. * * *
In the instant case, Appellant does not argue that the evidence was insufficient to prove that the Ramirez drug enterprise existed. Rather, Appellant argues that the state failed to prove that he engaged in the affairs of that enterprise through a pattern of corrupt activity. We disagree.
The offenses that encompass Appellant's "pattern of corrupt" activity were two drug sales that occurred in June and July of 1996. The first of these sales occurred on June 19, 1996. Detective Greg Roberts of the Lima/Allen County Drug Enforcement Unit testified that he arranged a controlled buy for one pound of marijuana on that date. Roberts stated that a confidential informant and an undercover officer were instructed to go to Caudill's residence to retrieve the drugs. The vehicle and the informant were thoroughly searched prior to the sale and no evidence of contraband was discovered. The informant was given $1,200 for the buy. Roberts then testified that he witnessed the informant and the undercover officer arrive at Caudill's house. Shortly thereafter, Appellant got into the vehicle and the three drove around for a few minutes. Appellant then exited the vehicle and, after a complete search and debriefing of both the informant and the undercover officer, it was discovered that a pound of marijuana was hidden under the seat on which Appellant was sitting. This testimony was unrefuted.
Although Appellant argues that this evidence is insufficient because there was no direct testimony from either the informant or the undercover officer, we find that the circumstantial evidence is overwhelming. Under Ohio law, circumstantial evidence inherently possesses the same probative value as that of direct evidence. State v. Jenks (1991), 61 Ohio St.3d 259, 272. Thus, the evidence was sufficient to find that Appellant participated in the controlled drug buy that took place on June 19, 1996.
With regard to the July, 1996 drug buy, we find, contrary to Appellant's argument, that the evidence was sufficient for the jury to conclude that Appellant was a principal in that incident as well. The unrefuted testimony of John Brewster, another alleged member of the Ramirez drug enterprise, demonstrated that he drove Appellant to a local Burger King for the purpose of exchanging marijuana for money. Unbeknownst to both participants, the buy was arranged by the authorities. Brewster stated that Appellant retrieved the marijuana from an individual who held the drugs in a freezer for Ramirez. Thereafter, the two drove to the restaurant where Appellant gave the buyer the drugs for money. Brewster testified that he then drove Appellant to Caudill's residence to drop off the money.
Although Brewster did not witness the actual exchange between Appellant and the buyer, he did see Appellant count the money just after the transaction had occurred. Again, the circumstantial evidence is overwhelming. Based upon the foregoing, we cannot conclude that the evidence was insufficient to find that Appellant participated in the two drug transactions that constituted a "pattern of corrupt activity."
We now turn to discuss Appellant's contention that the jury verdict was against the manifest weight of the evidence. The standard to apply when reviewing such a claim as been set forth as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Martin (1983), 20 Ohio App.3d 172, 175, State v.Thompkins (1997), 78 Ohio St.3d 380, 387. Furthermore, an appellate court should grant a new trial only in an exceptional case "where the evidence weighs heavily against the conviction."Id. This is not such a case. A complete review of the record here does not lead this court to conclude that the jury clearly lost its way in rendering a guilty verdict.
Appellant's third assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
HADLEY and SHAW, JJ., concur.