THE STATE OF OHIO, APPELLEE AND CROSS-APPELLANT, *v.* TORRES, APPELLANT AND CROSS-APPELLEE.

(No. 80-1178—Decided June 10, 1981.)

342

*Mr. Lowell S. Petersen,* prosecuting attorney, and *Ms. Barbara Peterson,* for appellee and cross-appellant.

*Mr. Stephen E. Cottrell,* for appellant and cross-appellee.

BLACK, J.  The principal question is whether defendant Paul Torres was prejudiced, as he claims and as the Court of Appeals agreed, by the refusal of the trial court to grant him separate trials of the two indictments, under Crim. R. 14.[1] He implicitly concedes that the trial court could in the first instance join the two indictments for trial under Crim. R. 13 because the charges could have been originally joined in one in-

---

[1] The first paragraph of Crim. R. 14 reads as follows:

"If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, informations or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires. In ruling on a motion by a defendant for severance, the court shall order the prosecuting attorney to deliver to the court for inspection pursuant to Rule 16(A)(1)(a) any statements or confessions made by the defendants which the state intends to introduce in evidence at the trial."

dictment under Crim. R. 8(A) [2] as offenses of the same or similar character or offenses based on two transactions connected together. As we stated in *State* v. *Thomas* (1980), 61 Ohio St. 2d 223, 225, joinder and the avoidance of multiple trials is favored for many reasons, among which are conserving time and expense, diminishing the inconvenience to witnesses and minimizing the possibility of incongruous results in successive trials before different juries. The defendant, however, alleges that the joinder in his case was prejudicial, under Crim. R. 14, and that he should have had two separate trials.

A defendant claiming error in the trial court's refusal to allow separate trials of multiple charges has the burden of affirmatively showing that his rights were prejudiced. *State* v. *Roberts* (1980), 62 Ohio St. 2d 170, 175; *State* v. *Thomas, supra,* at 225. He must demonstrate that the trial court abused its discretion in refusing to separate the charges for trial. *Opper* v. *United States* (1954), 348 U. S. 84, 95; Wright, Federal Practice and Procedure 468, Section 227. More specifically, he has the burden of furnishing the trial court with sufficient information so that it can weigh the considerations favoring joinder against the defendant's right to a fair trial.

Defendant Torres advances two claims of prejudice. First, he asserts that the evidence of the two sales when presented in a single trial created a cumulation of evidence that was prejudicial due to the sheer weight of all the evidence, irrespective of its probative value, which may have led the jury to convict him on both indictments for drug sales. We find no merit in this claim because the jury is believed capable of segregating the proof on multiple charges when the evidence as to each of the charges is uncomplicated. *State* v. *Roberts, supra,* at 175. Joinder may be prejudicial when the offenses are unrelated and the evidence as to each is very weak, *United States* v. *Ragghianti* (C.A. 9, 1975), 527 F. 2d 586 (two separate bank

---

[2] Crim. R. 8(A) reads as follows:

"Joinder of offenses. Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."

robberies without substantial identification of the perpetrator), but it is otherwise when the evidence is direct and uncomplicated and can reasonably be separated as to each offense, *United States* v. *Catena* (C.A. 3, 1974), 500 F. 2d 1319, certiorari denied 419 U. S. 1047 (one indictment with more than 100 counts of false medical claims). The evidence in the instant case, however, not only was direct and uncomplicated as to each indictment, but it also was amply sufficient to sustain each verdict, whether or not the indictments were tried together.

Second, the defendant claims that prejudice arose because the joinder prevented him from using the best defense he had against each of the two charges. His defense of entrapment in the first sale logically required that he contend by his own evidence and in argument that he was entrapped into both the first sale and the second sale. It follows, he claims, that he was unable to assert some other defense to the second sale. But he did not inform the trial court what the other defense was, and he did not recount it on appeal. The mere possibility that the defendant might have a better choice of trial tactics if the counts are separated, or the mere possibility that he might desire to testify on one count and not on the other, is insubstantial and speculative; it is not sufficient to show prejudice. *Wangrow* v. *United States* (C.A. 8, 1968), 399 F. 2d 106, 112, certiorari denied 393 U. S. 933.

The trial court did not abuse its discretion when it failed to find that the defendant was prejudiced by the joinder of the two indictments under the circumstances *sub judice.*

The judgment of the Court of Appeals as to Count II of Indictment 3101-A is reversed, and the judgment of the Court of Appeals as to Indictment 3109-A is affirmed.

*Judgment reversed in part*
*and affirmed in part.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

BLACK, J., of the First Appellate District, sitting for C. BROWN, J.