DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant has appealed his conviction for aggravated robbery from the Summit County Common Pleas Court. This Court affirms.
 I.
On March 2, 2000, Defendant was indicted by the Summit County Grand Jury for aggravated robbery, kidnapping, criminal damaging and aggravated menacing. Defendant entered a plea of not guilty and filed the following: a motion to suppress eyewitness identification testimony; a motion to appoint an expert witness in the field of eyewitness identification; a motion to dismiss the case, a motion to sever the aggravated robbery and criminal damaging charges from the other charges in this case; and, a motion in limine. The trial court denied all of Defendant's requests except for the motion in limine.
Before trial, the State moved to dismiss the charges of criminal damaging and aggravated menacing. The case then proceeded to trial. The jury returned a verdict of guilty for the count of aggravated robbery, but could not come to a unanimous agreement on the charge of kidnapping. The trial court sentenced Defendant to a prison term of five years for the aggravated robbery. Defendant has timely appealed, asserting two assignments of error.
 II. A. Assignment of Error Number One The trial [court] erred when [it] failed to grant Defendant's motion to sever counts one and three for robbery and criminal damaging which occurred at a crime on December 16, 1999, from counts two and four for kidnapping and aggravated menacing, which occurred at a crime on December 12, 1999.
In his first assignment of error, Defendant has argued that the trial court abused its discretion when it denied his motion to sever the robbery charge from the count of kidnapping. Specifically, Defendant has argued that he was prejudiced because the same jurors who thought he was guilty of kidnapping also decided that he was guilty of aggravated robbery. This Court disagrees.
The law favors joinder of offenses to conserve judicial resources. SeeState v. Schaim (1992), 65 Ohio St.3d 51, 58. Crim.R. 8(A) allows the State to join multiple offenses in a single indictment if the offenses are of the same or similar character, are based on the same act or transaction, are based on two or more acts or transactions connected together, or are part of a course of criminal conduct. A defendant may move for severance by arguing prejudice by the joinder of offenses under Crim.R. 14.
An appellate court may reverse a trial court ruling denying severance only where the accused shows that the trial court abused its discretion.State v. Lott (1990), 51 Ohio St.3d 160, 163. In order to establish such, Defendant has the burden of affirmatively proving that "(1) his rights were prejudiced, (2) that at the time of the motion to sever he provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial, and (3) that given the information provided to the court, it abused its discretion in refusing to separate the charges for trial." Schaim, 65 Ohio St.3d at 59, quoting State v. Torres (1981),66 Ohio St.2d 340, syllabus.
After reviewing the record in the present case, this Court concludes that the trial court did not abuse its discretion in consolidating the charges for trial. The record reveals that Defendant asserted in his motion to sever that he would be unfairly prejudiced if the trial court did not separate the two events; however, Defendant did not explain how joining the offenses would prejudice him. Moreover, the fact that the jury did not convict him for the alleged kidnapping is an indication that the jury was able to separate the evidence of the aggravated robbery from the evidence of the kidnapping. Accordingly, Defendant's first assignment of error is overruled.
 B. Assignment of Error Number Two The trial [court] erred and prejudiced Defendant by not granting Defendant's motion for appointment of an expert witness in the field of eyewitness identification.
In his second assignment of error, Defendant has argued that the trial court abused its discretion by denying his request to appoint an expert on identification. Essentially, Defendant has asserted that the expert could have pointed out the problems with eyewitness identification and could have questioned the reliability of the photo array in this case. This Court disagrees.
Expert testimony concerning eyewitness identification is admissible if the defendant can demonstrate a particularized need for such testimony.State v. Grooms (Nov. 21, 1991), Stark App. No. 8518, unreported, 1991 Ohio App. LEXIS 5479, at *8. Unless the defendant can make a showing of demonstrable prejudice, expert witness testimony "is not admissible regarding the credibility of a particular witness unless there is some special identifiable need for the testimony such as a physical or mental impairment which would affect the witness' ability to observe or recall details." (Emphasis sic.) State v. Broom (1988), 40 Ohio St.3d 277, paragraph two of the syllabus.
In the case at bar, Defendant was indigent; therefore, he had the initial burden of establishing the reasonableness of his request for a state-funded expert. See Grooms, supra, at *7-8. Defendant has failed to set forth specific facts that showed the value of the sought after assistance. Furthermore, there were a number of alternative devices that Defendant's attorney used to challenge the eyewitness identification. For example, Defendant's attorney was able to point out many inconsistencies of the identification during cross-examination and in his closing argument. See Grooms, supra, at *9. Based on the forgoing, this Court cannot conclude that the trial court erred in denying Defendant's request for an expert. Defendant's second assignment of error is not well taken.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BAIRD, P. J., CARR, J., CONCUR