OPINION
This timely appeal arises from a jury verdict finding Appellant, Rick A. Linde, guilty of two counts of assaulting a peace officer in violation of R.C. § 2903.13(A) and the trial court's imposition of consecutive sixteen month prison terms. For the following reasons, we affirm the judgment and sentence of the trial court.
On December 2, 1998, Appellant was indicted for an assault which occurred in October on Deputy Tim Scott of the Belmont County Sheriff's Department in violation of R.C. § 2903.13(A). On February 3, 1999, Appellant was again indicted, this time for assaulting Officer Steve Studence of the Bridgeport, Ohio, Police Department on December 13, 1998, also in violation of R.C. § 2903.13(A). The charges were docketed as separate cases (98 CR 177 and 99 CR 8, respectively) however, both were scheduled for jury trial beginning March 16, 1999. On March 8, 1999, Appellant filed motions to have the charges tried separately. The trial court implicitly denied the motions by proceeding to trial on both charges on March 16-17, 1999. A jury found Appellant guilty on both counts. A sentencing hearing was held on March 30, 1999, during which the trial court sentenced Appellant to two consecutive sixteen month prison terms. Appellant filed a timely notice of appeal.
Appellant's first assignment of error states:
 "THE DEFENDANT WAS PREJUDICED IN THAT TWO SEPARATE ASSAULT CHARGES WERE CONSOLIDATED."
Appellant argues that as the jury heard evidence of both assault charges during the same trial, they were more easily convinced that he was guilty of both charges. Appellant asserts that the possibility of acquittal would have been greater if the charges had been tried separately. Based on our review of the record, however, this argument lacks merit.
Crim.R. 13 provides that a court may order two or more indictments to be tried together if the offenses could have been joined in a single indictment. Crim.R. 8(A) permits the charging of two similar offenses in the same indictment. Based on these alone, then, it would appear that joinder of the trials was permissible.
Turning to the trials themselves, Crim.R. 14 provides that a trial court shall order separate trials if a defendant is prejudiced by joinder. Joinder to avoid multiple trials is favored by the courts for several reasons, among these: to conserve judicial resources, including time and expense; reduce the chance of conflicting results in successive trials before different juries and reduce inconvenience to the witnesses. State v. Clifford (1999), 135 Ohio App.3d 207, 211. To prevail on a claim that the trial court erred in consolidating charges for trial, the defendant must demonstrate affirmatively: (1) that his rights were prejudiced, (2) that at the time that the trial court ruled on the motion to consolidate, he provided the court with sufficient information in order to weigh the considerations favoring joinder against the defendant's right to a fair trial, and (3) that given the information provided, the court abused its discretion in consolidating the charges for trial. State v. Schaim (1992), 65 Ohio St.3d 51, 59; State v. Torres
(1981), 66 Ohio St.2d 340, syllabus of the court.
A defendant has the burden of affirmatively showing that his rights were prejudiced by joinder. State v. Clifford, supra, 211, citing Statev. Torres, supra. To determine whether such prejudice would occur, the trial court must determine whether evidence of the other crimes would be admissible even if the counts were severed and, if not, whether the evidence of each crime is simple and distinct. State v. Schaim, supra,
59. Absent a clear showing of abuse of discretion, a trial court's decision regarding joinder will not be disturbed. State v. Clifford,supra, 211. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 158.
In the present matter, Appellant's argument fails for several reasons. First, Appellant's motions for separate trials provided the trial court with no information to support his request. Appellant cited no law, raised no issue of possible prejudice and, in fact, completely failed to offer any reasoning for his request.
Likewise, Appellant has failed on appeal to affirmatively demonstrate any prejudice occasioned by the joinder. Appellant's argument on appeal is essentially that, "[i]f the charges had been heard separately, there is a great possibility that they would have found for the Defendant." Appellant has not demonstrated any support for this assertion.
As noted, to determine whether prejudice would occur, the courts must determine if evidence of one crime would not be admissible at the trial of the other crime. If the answer is "no," the court must consider whether the evidence of each crime is simple and distinct. State v.Schaim, supra, 59. "The admissibility of other acts evidence is carefully limited because of the substantial danger that the jury will convict the defendant solely because it assumes that the defendant has a propensity to commit criminal acts, or deserves punishment regardless of whether he or she committed the crime charged in the indictment." Id. Since it is possible that the evidence of one police assault may not have been admitted in the second trial, we will proceed to consider whether the evidence of each crime was simple and distinct.
Appellant was indicted because of two distinct incidents which occurred on two distinct dates. The elements of the crime are simple and the evidence presented on each charge was simple and distinct. In both, Appellant was charged with violating R.C. § 2903.13(A) which states that, "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *." With respect to the charge that Appellant assaulted Deputy Scott in October of 1998, the evidence included testimony of a Martins Ferry police officer that while in custody at the Belmont County Jail, Appellant charged at officers and kicked deputy Scott on the inner thigh. (Tr. p. 45). Deputy Scott testified that Appellant kicked him on the inner thigh while Appellant was being booked at the jail. (Tr. pp. 111-114). Another officer testified that when officers attempted to remove handcuffs from Appellant, he became belligerent and kicked aggressively towards the officers. (Tr. p. 164).
With respect to the assault against Officer Studence in December of that same year, Appellee presented the testimony of the dispatcher who witnessed Appellant strike Officer Studence in the chest with his upper body, knocking Officer Studence into a door frame. (Tr. pp. 189-190). Officer Studence testified that Appellant knocked him into a wall causing him to fall before he caught his balance. (Tr. pp. 213-214).
It is clear that the elements to be proven and the evidence offered in support of each charge was simple. There was testimony from eye-witnesses as well as the victims themselves. In addition, Appellee presented the evidence chronologically and separately. Witnesses' testimony concerning the first assault was completed before the presentation of witnesses to the second assault.
As the record reveals that the evidence on each crime was separate and distinct, the trial court did not abuse its discretion. Accordingly, we overrule Appellant's first assignment of error.
Appellant's second assignment of error states:
 "THE COURT ABUSED ITS DISCRETION IN SENTENCING THE APPELLANT TO TWO 16-MONTH TERMS IN THE PENITENTIARY TO RUN CONSECUTIVELY."
Appellant argues that the trial court should not have sentenced him to consecutive terms as he had no previous felony convictions, there was no serious physical harm to either officer and neither officer testified to any great concern for their physical well being. Appellant impliedly argues that his circumstances do not warrant consecutive sentences because the seriousness and recidivism factors found in R.C. §2929.12 weigh in his favor. Once again, based on the record as presented, we must hold that Appellant's argument is without merit.
In State v. Pickford (Feb. 22, 1999), Jefferson App. No. 97 JE-21, unreported, we held that with the passage of Am.Sub.S.B. No. 2, we would no longer review a felony sentence under the abuse of discretion standard. R.C. § 2953.08 sets forth new rights and procedures for appellate review of sentences that violate the provisions of Revised Code Chapter 2929. R.C. § 2953.08(A) provides grounds upon which a defendant may maintain an appeal as of right. Appellant has not demonstrated any of the express grounds for appeal under that section. However, R.C. § 2953.08(C) provides that a defendant may seek leave to appeal a sentence if the trial court has imposed consecutive sentences for multiple offenses under R.C. § 2929.14(E)(3)(4) and the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense. An appeals court may grant leave to appeal the sentence if the court determines that the allegation included as the basis of the motion is true. R.C. §2953.08(C).
In the present appeal, Appellant has failed to file an appropriate motion for leave to appeal his sentence. However, a review of the record reveals that the present circumstances are exactly as those described in R.C. § 2953.08(C). Appellant was convicted of two fourth degree felonies, each of which carries a maximum sentence of 18 months pursuant to R.C. § 2929.14(A)(4). Appellant's sentence to an aggregate 32 month sentence exceeds, then, the maximum allowable sentence for one fourth degree felony conviction. As such, we will address this assignment of error even though Appellant has not properly requested leave to appeal and we would otherwise be free to decline jurisdiction of this issue.
The appropriate standard of review is found in R.C. § 2953.08(G), which states in pertinent part:
 "(G) The court hearing an appeal of a sentence under this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(1) That the record does not support the sentence;"
* * *
"(4) That the sentence is otherwise contrary to law."
In the present matter, Appellant's sentence was supported by the record and was not contrary to law. R.C. § 2929.14(E) discusses a trial court's ability to impose consecutive prison terms, stating:
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing * * *."
* * *
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
It is a matter of record that Appellant committed the second offense for which he was sentenced while awaiting trial for the first offense. This fact is also relevant with respect to Appellant's pattern of criminal conduct. At sentencing, the trial court stated:
 "* * * the court finds that consecutive sentence is necessary to protect the public from future criminal [activity] and to punish the offender and consecutive sentences are not disproportionate to the seriousness of his conduct and danger that he poses to the public, and that the offender committed multiple offenses on separate occasions, and that the offenses combined with his previous record demonstrate an escalating pattern of violent behavior. And one offense was committed while awaiting trial on another offense." (Sent. Tr. P. 16).
Although we no longer review felony sentencing matters under an abuse of discretion standard, the trial court still enjoys some discretion in imposing sentence under the new guidelines. At sentencing, it is not necessary for a trial court to make specific findings. State v. Arnett
(2000), 88 Ohio St.3d 208, 215. Rather, a trial court satisfies its duty to consider appropriate factors, "* * * with nothing more than a rote recitation * * *" that the court considered the applicable factors. Id. In this case, the trial court exceeded that requirement when it made explicit findings pursuant to R.C. § 2929.14(E)(4). Those findings are certainly supported by the record, simply by the nature of the crimes and the order in which they were committed.
Accordingly, Appellant's consecutive sentences are supported by the record and are not contrary to law. We overrule Appellant's second assignment of error also and affirm the judgment and sentence of the trial court.
 _________ WAITE, J.
Vukovich, P.J., concurs.
DeGenaro, J., concurs.