This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Leslie Cavins, appeals from his convictions for pandering sexually oriented material involving a minor, pandering obscenity involving a minor, and corruption of a minor. We affirm.
On April 26, 2000, the Lorain County Grand Jury indicted Defendant on the following counts: corruption of a minor, in violation of R.C.2907.04(A); contributing to the delinquency of a minor, in violation of R.C. 2919.24(A)(1) and (2); illegal use of a minor in a nudity-oriented performance, in violation of 2907.323 (A)(3)(a); and pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(3). On August 17, 2000, the Grand Jury indicted Defendant on one count of illegal use of a minor in violation of R.C. 2907.323(A)(3). Additionally, on September 27, 2000, Defendant was further indicted with one count of pandering sexually oriented material involving a minor, in violation of R.C.2907.322(A)(1) and (3); and two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4).
On April 3, 2001, the State moved to consolidate Defendant's three cases with five of Co-defendant's cases. A bench trial was held on April 9, 2001. After the State's case-in-chief, Defendant moved for acquittal pursuant to Crim.R. 29. The Defendant renewed his motion at the close of his case. The trial court denied his Crim.R. 29 motion in both instances. Thereafter, the trial court found Defendant guilty on all counts except the count of contributing to the delinquency of a minor. The trial court sentenced him accordingly. Defendant timely appeals raising three assignments of error for review, two of which will be addressed jointly.
 ASSIGNMENT OF ERROR I "The State's evidence presented at trial is legally insufficient to support a verdict of guilty on the charges of pandering sexually oriented material involving a minor, pandering obscenity involving a minor and corruption of a minor."
 ASSIGNMENT OF ERROR II "The trial court's verdict finding * * * Defendant guilty of the charges of pandering sexually oriented material involving a minor, pandering obscenity involving a minor and corruption of a minor was against the manifest weight of the evidence."
In his first and second assignments of error, Defendant challenges the adequacy of the evidence presented at trial. Specifically, Defendant avers that the State failed to present sufficient evidence to support the trial court's denial of his Crim.R. 29 motion for acquittal and that his convictions for pandering sexually oriented material involving a minor, pandering obscenity involving a minor, and corruption of a minor were against the manifest weight of the evidence presented at trial. Defendant's assignments of error lack merit.
As a preliminary matter, we note that sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
"While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion."State v. Gulley (Mar. 15, 2000) 9th Dist. No. 19600, at 3, citing Statev. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring).
When a defendant asserts that his conviction is against the manifest weight of the evidence, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
Defendant was found guilty of, and appeals his convictions for, corruption of a minor, in violation of R.C. 2907.04(A), pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(3), and pandering sexually oriented material involving a minor, in violation of R.C. 2907.322(A)(1) and (3).
Pandering sexually oriented material involving a minor is defined as knowingly "creat[ing], record[ing], photograph[ing], film[ing], develop[ing], reproduc[ing], or publish[ing] any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality[.]" R.C. 2907.322(A)(1). Knowledge concerns the character of the material or performance involved. A performance is any "motion picture, * * * show, * * * or other exhibition performed before an audience." R.C. 2907.01(K).
The provision prohibiting the pandering of obscenity involving a minor states that "[n]o person, with knowledge of the character of the material or performance involved, shall * * * create, direct, or produce an obscene performance that has a minor as one of its participants[.]" R.C.2907.321(A)(3).
Corruption of a minor is defined as "engag[ing] in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." R.C. 2907.04(A). The offender is to be eighteen years of age or older for this provision to apply. Id.
We note that the State pursued Defendant's convictions on a complicity theory of involvement. R.C. 2923.03(A) provides that "[n]o person, acting with the kind of culpability required for the commission of an offense shall * * * (1) [s]olicit or procure another to commit the offense; (2) [a]id or abet another in committing the offense; [or] (3) [c]onspire with another to commit the offense[.]" The statute further provides that "[w]hoever violates this section * * * shall be prosecuted and punished as if he were a principal offender." R.C. 2923.03(F)
At trial, Captain Richard Thomas testified that Defendant informed him that he had "kiddie porn" on his computer. Captain Thomas stated that five disks and pictures of pre-teens were taken to the police station. He asserted that there were numerous photographs depicting persons under the age of eighteen in various states of nudity; some were engaging in sexual activities with other persons. Pediatrician, Dr. Paula Farner, testified regarding the sexual physical development with regard to the age of these children, using the widely accepted Tanner stages. She was provided with the pictures and videoclips, displaying unclothed females, which were retrieved from Defendant's possession. Dr. Farner estimated, to a reasonable degree of medical certainty, the ages of five of the young girls depicted as being sixteen or younger.
The victim, Jennifer Lewis ("Lewis") testified that Co-Defendant, James Smelko, performed oral sex on her in the trailer of Laurel Coombs, in view of Defendant and others. Lewis stated that prior to covering herself with a blanket, she removed her pants and was nude from the waste down. She further stated that Co-Defendant began to perform the sexual act underneath the blanket and continued to do so for a short time after the blanket was removed. Lewis also testified to making a home pornographic video with Defendant. She asserted that herself, Defendant, Co-Defendant, Paul Schafer, and Laurel Coombs were wrapping Christmas presents one evening, and "we basically just decided that we wanted to make a videotape." Lewis further asserted that "we" meant all of the above-named individuals and the type of video they agreed to create was "[a] porno[.]" She declared that they had decided to make it in advance and that she was to be in the video. Lewis had intercourse with Paul Schafer at the same time Defendant had intercourse with Laurel Coombs on the same bed. The video was filmed by Co-Defendant with Defendant's camera. Lewis testified that all the participants, Defendant included, later viewed the tape together, as did some other non-participants. Lewis also stated that her age was common knowledge and known by Defendant; Defendant, Co-Defendant, and Laurel Coombs had a fourteenth birthday party for her.
Lieutenant Barry Accorti testified regarding a statement that was taken from Defendant; "[Defendant] said that he was the one that dared [Co-defendant] to perform oral sex on [Lewis], and that he witnessed this event and it took place to be approximately ten minutes." Lt. Accorti stated that Defendant even went into detail about why he had dared Co-defendant to perform such an act. Lt. Accorti also asserted that Lewis had previously said she could not recall who had made the dare and that she did not think her step-sister would request something of that nature.
Paul Schafer gave conflicting testimony. He testified that the making of the videotape was not discussed beforehand and that "[i]t just happened." James Smelko ("Smelko") maintained that he thought Lewis was eighteen. He asserted that Defendant was present for the truth or dare game but that Lewis' step-sister gave the dare. Smelko also stated that no recording was ever made of the individuals while they were wrapping presents. Smelko declared that it was possible that he was not telling everything he knew.
Notwithstanding the conflicting testimony, the judge had the opportunity to view the witnesses' testimony and adjudge their credibility; therefore, we must give deference to the court's judgment. See State v. Lawrene (Dec. 1, 1999), 9th Dist. No. 98CA007118, at 13. Upon careful review of the testimony and evidence presented at trial, we hold that the court did not act contrary to the manifest weight of the evidence in convicting Defendant of pandering sexually oriented matter involving a minor, pandering obscenity involving a minor, and corruption of a minor. Clearly, the record contains sufficient evidence of Defendant's participation in these acts, thereby aiding and abetting in these offenses. Accordingly, Defendant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III "The trial court erred in granting the Prosecutor's request to consolidate [Defendant's] cases with the numerous cases for gross sexual imposition of [Co-defendant] James Smelko."
In his third assignment of error, Defendant argues that the trial court erred in consolidating Defendant's three cases with five cases of his Co-defendant. We disagree.
It is well-settled that the law favors joinder because it conserves judicial resources. State v. Merriweather (May 13, 1998), 9th Dist. No. 97CA006693, at 7, citing State v. Franklin (1991), 62 Ohio St.3d 118,122; State v. Preib (Feb. 21, 2001), 9th Dist. No. 20183, at 2; State v.Roderick (Sept. 30, 1992), 9th Dist. No. 15503, at 5-6, citing State v.Thomas (1980), 61 Ohio St.2d 223, 225. Crim.R. 13 provides that two indictments may be tried together if the offenses could have been joined in a single indictment. Crim.R. 8(A) states that offenses of "the same or similar character, or [that] are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct" may be charged in the same indictment, information, or complaint. Crim.R. 8(B) provides for the joinder of defendants: "[t]wo or more defendants may be charged in the same indictment, information or complaint if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions[.]" However, not all defendants need to be charged with every count. Roderick at 5, citing State v. Schiebel (1990), 55 Ohio St.3d 71, 89.
A defendant claiming error in the trial court's denial of separate trials has the burden of affirmatively showing that his rights were prejudiced. Merriweather at 7, citing State v. Torres (1981),66 Ohio St.2d 340, 343. "The defendant must furnish the trial court with sufficient information to enable it to weigh the considerations favoring joinder against the defendant's right to a fair trial, and the defendant must demonstrate that the court abused its discretion in refusing to separate the charges for trial." Merriweather at 7, citing Torres,66 Ohio St.2d at 343.
After reviewing the record in the present case, We conclude that the trial court did not abuse its discretion in consolidating the various cases or defendants. All of Defendant's and Co-defendant, Smelko's, charges in this case constituted the same type of offense, harm to minors. Furthermore, Defendant did not show he was prejudiced in any way. Co-Defendant, Smelko, took the stand and testified, therefore, Defendant had an opportunity to cross-examine him and there is no Bruton
error. See, Bruton v. United States (1968), 391 U.S. 123, 132,20 L.Ed.2d 476. Also, Defendant's claim that he felt compelled to waive his right to trial by jury is not sufficient prejudice; he was not in fact compelled to do so. Accordingly, Defendant's third assignment of error is overruled.
Defendant's assignments of error are overruled. The convictions of the Lorain County Court of Common Pleas are affirmed.
WHITMORE, J., BATCHELDER, J. CONCUR.