OPINION
{¶ 1} Appellant Jance C. Randolph appeals a judgment of the Stark County Common Pleas Court convicting him of aggravated robbery (R.C.2911.01(A)(1)) with a firearm specification:
 {¶ 2} "The trial court erred in denying appellant's Criminal Rule 14 motion for separate trials thereby violating appellant's state and federal constitutional rights to due process of law.
 {¶ 3} "The jury verdict finding appellant guilty of aggravated robbery with a firearm specification was against the manifest weight of the evidence in violation of the due process clause of theFourteenth Amendment to the United States Constitution."
 {¶ 4} At 3:45 in the afternoon of January 9, 2002, two young males, appellant and his co-defendant Jawonn Harris, entered "Only Sexy Things" on 12th Street and Cleveland Avenue, in Canton.
 {¶ 5} Vivian Wood and Brandy Benson were working at the time, modeling lingerie in a "sessions room" for customers. No customers were in the establishment at the time. Benson was relaxing in the sessions room, while Wood was working the front counter.
 {¶ 6} Wood explained the nature of the business to appellant and Harris. She told them that for $30 plus tips, an employee would model lingerie in the sessions room. At that point, appellant began waving a gun, and Harris pulled out a knife, saying to Wood, "No, bitch, I don't want a session. I want the money."
 {¶ 7} Upon hearing the disturbance at the counter, Benson came out of the sessions room. Appellant told Benson to go into the sessions room, and he followed her. He pointed the gun at Benson, backed her into the wall, and demanded to know where she kept her money. Benson told appellant that her money was in her coat located on the stage in the room. He grabbed the coat and began walking out the door, telling her stay in the sessions room. When another worker came into the establishment, appellant and Harris left.
 {¶ 8} During the encounter with appellant, Benson realized that had seen him before, but could not place him. She later remembered that she saw him in the store within the past month, when he came to get money from a co-worker. The co-worker introduced appellant to Benson as her step-brother, Jance. Appellant spoke with Benson for about ten minutes on that occasion, and asked her to go out with him. She replied that she had a boyfriend, and upon further conversation, they discovered that appellant knew her boyfriend.
 {¶ 9} After appellant and Harris left, the owner of a neighboring video store called the police. Two days later, both employees of the store identified appellant from a photo lineup. Appellant and Harris were indicted by the Stark County Grand Jury with aggravated robbery with a firearm specification. Prior to trial, appellant filed a motion for separate trials, which was overruled.
 {¶ 10} The matter proceeded to jury trial in the Stark County Common Pleas Court. Appellant did not testify, and called no witnesses. Harris testified, and called one witness. Appellant was convicted as charged, and sentenced to eight years incarceration.
 I {¶ 11} Appellant first argues that the court erred in denying his motion for separate trials pursuant to Crim.R. 14.
 {¶ 12} Crim.R. 8(B) provides that two or more defendants may be charged in the same indictment if they are alleged to have participated in the same series of acts constituting an offense, or in the same course of criminal conduct. Crim.R. 14 provides for relief from joinder when a defendant can demonstrate that his rights are prejudiced by joinder. A defendant claiming error in the trial court's refusal to sever offenses has the burden to affirmatively show that his rights were prejudiced by the joinder. State v. Torres (1981), 66 Ohio St.2d 340.
 {¶ 13} To prevail on a claim that a court abused its discretion in denying a motion to sever, the defendant must demonstrate his rights were prejudiced, that at the time of the motion to sever he provided the trial court with sufficient information to allow the court to weigh the considerations favoring joinder against his right to a fair trial, and that given the information provided to the court, the court abused its discretion in refusing to separate the charges for trial. Id. at syllabus.
 {¶ 14} Appellant attempts to argue that there were conflicting issues between his case and his co-defendant's case, that he was prejudiced when his co-defendant testified and he did not, that his ability to cross-examine the police detective investigating the case was impaired, and that his co-defendant's weak alibi damaged his case.
 {¶ 15} Prior to the beginning of trial, appellant renewed his motion to sever. In support of the motion, appellant cited two conflicting issues. Appellant informed the court that he did not commit the crime, and did not know who did. He further told the court that if his co-defendant took the stand to testify, counsel for appellant normally would not put his client on the stand, and the jury would wonder why he didn't testify.
 {¶ 16} Appellant has demonstrated no prejudice from the testimony of the co-defendant. He did not implicate appellant in any way, and his alibi witness did not implicate appellant in any way. When the trial court offered to give the jury an instruction that it was not to make any presumption of guilt from appellant's failure to testify, appellant requested that the jury instruction not be given.
 {¶ 17} Appellant argues that his cross-examination of Detective Guerrieri was hampered, because the detective denied that appellant told him he was with his mother and girlfriend during the time of the commission of the robbery. To the contrary, the detective testified that appellant told him he was with his mother and girlfriend at the time of the robbery. Tr. 485. The detective further testified that appellant told him he would have his alibi witnesses contact the police. Tr. 491-92. Appellant has not demonstrated how the joint trial impaired his ability to cross-examine the detective.
 {¶ 18} Finally, appellant argues that under the spillover doctrine, he was prejudiced by joint trial. The spillover doctrine applies when there is a substantial difference in the amount of evidence against the co-defendant. United States v. Mardian (D.C. 1976),546 F.2d 973. The doctrine does not apply in the instant case. Appellant was identified by two eyewitnesses, one of whom he previously met, and who knew his name. The evidence against the two defendants was roughly the same, and there was not a significant difference in the amount of evidence against the pair.
 {¶ 19} The first assignment of error is overruled.
 II {¶ 20} Appellant argues that his conviction was against the manifest weight of the evidence. Specifically, he argues that the identification testimony did not rise to the level of proof beyond a reasonable doubt, given that his fingerprints were not found at the scene, nor was the gun used in the robbery found.
 {¶ 21} In considering a claim that a judgment is against the weight of the evidence, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way. State v. Thompkins, 78 Ohio St.3d 380,386-87, 1997-Ohio-52. A judgment should only be reversed as against the manifest weight of the evidence in the exceptional case where the evidence weighs heavily against the conviction.
 {¶ 22} To convict appellant of aggravated robbery, the State was required to prove that appellant committed or attempted to commit a theft offense while having a deadly weapon on or about his person or under his control, and either displayed the weapon, brandished it, indicated that he possessed it, or used it. R.C. 2911.01.
 {¶ 23} The evidence presented at trial demonstrated that both Vivian Wood and Brandy Benson identified appellant from a photo array of suspects within a few days of the robbery. Both witnesses identified appellant during trial. Benson identified appellant by name, as she had previously met him in "Only Sexy Things." Further, a video tape of the robbery, taken from the surveillance camera in the store, was played for the jury.
 {¶ 24} Appellant has not demonstrated that the jury erred and lost its way in believing the testimony of the two eyewitnesses. The second assignment of error is overruled.
 {¶ 25} The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Edwards, J., and Boggins, J., concur robbery-manifest weight-severance.