OPINION
{¶ 1} Appellant Roy D. Larry appeals a judgment of the Richland County Common Pleas Court convicting him of trafficking in drugs (R.C. 2925.03(A)):
 {¶ 2} "The court below erred to the prejudice of appellant by permitting a joint trial of two totally independent charges of trafficking in drugs, allowing a jury to convict on one charge from evidence contained in the other count.
 {¶ 3} "The court allowed impermissibly suggestive photo arrays in evidence, both containing the same photo of appellant which was highly distinctive."
 {¶ 4} On November 5, 2001, a confidential informant named Mike Stickney made a controlled purchase of crack-cocaine for $20 at a home located at 121 Washington Avenue, Mansfield, Ohio. He did not know the name of the seller.
 {¶ 5} On November 6, police executed a search warrant on the residence at 121 Washington Avenue. Appellant was inside, having his hair done in corn rows. Police took appellant's mug-shot with his hair partially in corn rows, and partially in an Afro. This mug-shot was included in a photo array, which was shown to the confidential informant. The informant identified appellant from the photo array as the individual who sold him crack-cocaine.
 {¶ 6} On December 20, 2001, a different confidential informant, Max Bowman, made a controlled buy of crack-cocaine from a residence in Mansfield at 399 West Fifth Street. The individual who sold him the crack identified himself as "Doug." On February 5, 2002, the Mansfield Police Department showed Bowman pictures taken from the camera of Arnold Jones, a homicide victim, on January 14, 2002. The informant identified one of the individuals in the pictures as the person from whom he purchased the crack on December 20, 2001. The police determined that the individual was appellant, and fifteen minutes later, showed Bowman a photo array containing the same mug shot of appellant that Stickney had identified. Bowman identified appellant from the photo array.
 {¶ 7} Appellant was indicted on two charges of trafficking in drugs. The case proceeded to jury trial in the Richland County Common Pleas Court. Following trial, the jury found appellant not guilty of count one, involving the transaction with Mike Stickney on November 5, 2001. The jury found appellant guilty of trafficking for the December 20, 2001, controlled buy involving Max Bowman. Appellant was convicted on one count of trafficking in drugs, a felony of the fifth degree. He was sentenced to twelve months incarceration.
 I {¶ 8} In his first assignment of error, appellant argues that the court erred in overruling his motion to sever the counts for trial.
 {¶ 9} To prevail on appeal, appellant must show that the trial court abused its discretion in refusing to separate the charges. Statev. Torres (1981), 66 Ohio St.2d 340. A defendant does not establish prejudice from joinder of criminal charges where the evidence presented by the State is direct and uncomplicated, and the jury demonstrates its ability to segregate the proof on each charge. State v. Brooks (1989),44 Ohio St.3d 185.
 {¶ 10} In the instant case, the jury found appellant guilty of one of the trafficking charges, but not guilty of the other. From this fact, we may conclude that the jury correctly followed the court's instruction to consider each count separately. State v. Brown (April 10, 1989), Stark Appellate No. 7622. Appellant has not demonstrated prejudice from joinder of the offenses. The court did not abuse its discretion in overruling his motion to sever.
 {¶ 11} The first assignment of error is overruled.
 II {¶ 12} In his second assignment of error, appellant argues that the photo arrays shown to the confidential informants where impermissibly suggestive, as his unusual hair style was unlike any other hairstyle shown in the array. Appellant argues that putting a picture of "Bozo the Clown" in the photo array would be less suggestive. Appellant's brief, page 10.
 {¶ 13} A defendant in a lineup need not be surrounded by people nearly identical in appearance. State v. Davis (1996), 76 Ohio St.3d 107,112. Where the other men depicted in the photo array with the defendant all appear relatively similar in age, features, skin tone, facial hair, dress, and photo background, the photo array is not impermissibly suggestive. State v. Jacobs, Mahoning Appellate No. 99-CA-110,2002-Ohio-5240.
 {¶ 14} In State v. Browner, Scioto App. No. 99CA2688,2001-Ohio-2518, the witness described the defendant as being bald in the front, with short hair. The defendant argued that the photo array was unduly prejudicial because only one or two of the other subjects in the array were bald. The court of appeals held that police were not required to insert only bald men into the photo array, as hairstyles can change, and a person may be bald one week and have at least some hair the next week. Id.
 {¶ 15} In the instant case, the photo arrays all depicted men sharing similar physical characteristics with appellant. Each photo array contains six pictures of males of the same race as appellant, and in each of the pictures, the skin color, age, and style of dress is similar to appellant. Further, when informant Max Bowman selected the photo of appellant from the pictures he was shown prior to the photo array, the photo of appellant he selected depicted appellant with tight corn rows, which look different from the half-finished hair style appellant has in the photo array.
 {¶ 16} Appellant has failed to demonstrate that the pre-trial identification procedure was impermissibly suggestive.
 {¶ 17} The second assignment of error is overruled.
 {¶ 18} The judgment of the Richland County Common Pleas Court is affirmed.
By: Gwin, P.J., Farmer, J., and Edwards, J., concur.