Vukovich, Presiding Judge,
dissenting:
{¶ 197} I dissent from the decision to reverse appellant’s conviction merely because sexual offenses committed against two child-victims were joined in one trial. I believe that the defendant has not met his burden of establishing prejudice under the “joinder test.” As a result, the “other acts” test is irrelevant. State v. Johnson (2000), 88 Ohio St.3d 95, 109, 723 N.E.2d 1054.
{¶ 198} As the majority points out, joinder is favored in the law. The joinder test is “less stringent” than the “stricter” other-acts test. Id. at 109, 723 N.E.2d 1054; State v. LaMar, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 50. Thus, policy reasons for the other-acts test should not seep into the application of the joinder test.
{¶ 199} A claim of prejudice can be negated if the evidence of each joined offense is simple and direct. LaMar, 95 Ohio St.3d 181, 767 N.E.2d 166, at ¶ 50, *99 52. Thus, where the proof of the joined offenses was separate and distinct and the jury was not likely to be confused as to which evidence proved which offense, a trial court does not abuse its discretion in refusing to sever the offenses. State v. Coley (2001), 93 Ohio St.3d 253, 260, 754 N.E.2d 1129.
{¶ 200} As for references to the strength of the evidence and the relatedness of the offenses, I believe that the majority misinterprets the following test:
{¶ 201} “Joinder may be prejudicial when the offenses are unrelated and the evidence as to each is very weak, * * * but it is otherwise when the evidence is direct and uncomplicated and can reasonably be separated as to each offense.” State v. Torres (1981), 66 Ohio St.2d 340, 343-344, 20 O.O.3d 313, 421 N.E.2d 1288.
{¶ 202} This statement clearly means that if the second part of this sentence is satisfied, there is no prejudice regardless of the first part. Here, the evidence was direct and uncomplicated and could be reasonably and readily separated as to each offense. See State v. Skatzes, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 34. As the majority acknowledges, the offenses against each of the two victims were separated in time and place. Each victim testified as to their various allegations against appellant. There was no apparent confusion as to which acts were committed against which victim. The evidence was simple.
{¶ 203} In any event, I would not characterize the evidence as “very weak.” See Torres, 66 Ohio St.2d at 343-344, 20 O.O.3d 313, 421 N.E.2d 1288. The trial court, whose discretion is being evaluated here, heard and viewed the witnesses as they testified; this court did not. Furthermore, the offenses are not unrelated, as they involved the sexual abuse of two young male children by a person in a position of authority.
{¶ 204} Nor do I agree that the “inflammatory” nature of the allegations require severance. In Johnson, the Supreme Court had no problem with joinder of a kidnapping/robbery victim with a death-penalty aggravated murder that occurred two months apart, focusing on the simplicity and directness of the evidence and the fact that it was unlikely that the jury confused the evidence proving the separate charges. Johnson, 88 Ohio St.3d at 110, 723 N.E.2d 1054. Cf. State v. Schaim (1992), 65 Ohio St.3d 51, 63, 600 N.E.2d 661 (finding that the jury was not capable of segregating very similar evidence because even the three appellate judges could not keep the facts of each victim straight). Finally, this court recently upheld joinder where minor gymnast victims and adult chiropractic victims were joined for one trial where all allegations were sexual in nature. State v. Dew, 7th Dist. No. 08MA62, 2009-Ohio-6537, 2009 WL 4756342, ¶ 95-96.
{¶ 205} Accordingly, I would overrule appellant’s first assignment of error dealing with joinder. I would then overrule all other assignments of error *100 (including numbers seven through nine, which the majority found to be moot) and uphold appellant’s convictions.