[Cite as *State v. Jolliff*, 2011-Ohio-1460.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  16-10-10

    v.

JEREMY J. JOLLIFF,                  **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 10-CR-0025

Judgment Affirmed

Date of Decision:   March 28, 2011

APPEARANCES:

    *Scott B. Johnson*  for Appellant

    *Jonathan K. Miller*  for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Jeremy J. Jolliff ("Jolliff") brings this appeal from the judgment of the Court of Common Pleas of Wyandot County denying his motion to sever the counts of the indictment. For the reasons set forth below, the judgment is affirmed.

{¶2} On April 18, 2010, Jolliff stole a 2002 Chevy Tahoe by telling a drug dealer to whom he owed money for the purchase of cocaine that he could take it as collateral. The dealer intended to rent out the vehicle until the debt was paid. On April 25, 2010, Jolliff entered a Subway restaurant in Carey, Ohio. He made an employee give him all the paper currency and left the restaurant with $315.00.

{¶3} On May 19, 2010, the Wyandot County Grand Jury indicted Jolliff on one count of robbery, a violation of R.C. 2911.02(A)(3), for the robbery at the Subway and one count of grand theft of a motor vehicle, a violation of R.C. 2913.02(A)(1), for the theft of the truck. Jolliff entered pleas of not guilty to both counts on May 20, 2010. On August 13, 2010, Jolliff filed a motion for leave to file a motion to sever the charges for the purposes of trial. The State filed its response to the motion to sever on August 18, 2010. On August 24, 2010, the trial court granted Jolliff leave to file the motion to sever and then overruled the

motion.[1]  The case went to trial on August 23 and 24, 2010.  The jury found Jolliff guilty of petty theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree and a lesser included offense of the robbery charge  for which Jolliff was indicted.  The jury also found Jolliff guilty of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1), a felony of the fourth degree.  On September 27, 2010, a sentencing hearing was held.  The trial court sentenced Jolliff to six months in jail for the petty theft, seventeen months in prison for the grand theft of a motor vehicle with these two sentences to run concurrently and one year in prison to run consecutive to the other sentences because Jolliff was on post release control at the time of the offenses.  Jolliff appeals from these judgments and raises the following assignment of error.

> **The trial court erred in not granting [Jolliff's] motion to sever the counts of the indictment.**

{¶4} The sole assignment of error claims that the trial court erred in denying Jolliff's motion to sever the counts of the indictment.

> **Two or more offenses may be charged in the same indictment * * * in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together, or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.**

---

[1]  This court notes that the trial court did not officially deny the motion to sever the charges until the second day of trial.

Crim.R. 8(A). If a defendant feels that the joinder prejudices him or her, he or she may file a motion to sever. Crim.R. 14. The Ohio Supreme Court has held that for a defendant to prevail on a claim that the trial court erred by denying a motion to sever, he or she must show that 1) his or her rights were prejudiced, 2) he or she provided the trial court with sufficient information to weigh the considerations favoring joinder against the right to a fair trial, and 3) that the trial court abused its discretion in refusing to separate the charges for trial. *State v. Torres* (1981), 66 Ohio St.2d 340, 421 N.E.2d 1288.

{¶5} Here, Jolliff claims that the charges should have been severed because the nature of the charges is not similar and allowing the jury on the grand theft of a motor vehicle charge to hear how the defendant frightened a young woman during the Subway theft was inflammatory. A review of the indictment indicates that both charges were theft charges and were thus similar in nature. The record reveals that the store theft occurred because Jolliff needed money to pay for drugs. The theft of the truck occurred because Jolliff needed collateral for the money he owed to his drug dealer for the purchase of drugs. Thus, the reason behind the thefts was to obtain money for the purchase of drugs.

{¶6} Jolliff's theory that the nature of the Subway theft would be inflammatory is not supported by the record either. Jolliff was indicted on a third degree felony charge of robbery. The indictment specified that Jolliff either used

-4-

force or threatened to use force during the robbery. The jury found him not guilty of that and only convicted him of the lesser included charge of petty theft, a misdemeanor of the first degree. Clearly the jury did not believe that Jolliff either used force or threatened to use force and thus was not inflamed by hearing the testimony of the clerk working during the Subway theft as Jolliff alleges happened.

{¶7} Additionally, this court notes that Jolliff's claim that he was prejudiced by the jury hearing that he committed multiple thefts is not supported by the record. Jolliff argues that the evidence for the grand theft was not as strong as that for the Subway theft. Although there were no photographs of him stealing the truck as there were in the Subway theft, the State presented into evidence a taped phone conversation made by Jolliff.

**Jolliff: They want their money, they're not * * ***

**Female Voice: Money for what?**

**Jolliff: For drugs. They want it and they're not * * ***

**Female Voice: How much? But you told me, you told me 700 dollars total.**

**Jolliff: Total. Plus I sold them that hot truck. That truck was hot.**

**Female Voice: You sold them a truck?**

**Jolliff: As collateral. They went over and they * * ***

**Female Voice:  What truck?**

**Jolliff:  Messmer's.**

Ex. 17.  The State also presented a taped interview between William Latham, the investigator for the Wyandot County Prosecutor's Office, and Jolliff.

> **Jolliff:  Uhm.  Santanas wanted some collateral.  Until then, I told them well, I said I'd give you the title to my truck, but I don't have that right now.  And he said well he needed some collateral until I could pay money on my bill.**
>
> **Latham:  Okay.**
>
> **Jolliff:  I couldn't do nothing more til, either getted (sic) leverage or something, and I said well, that's when I thought about the vehicle and I said well, the only other thing we own is a 2001 Chevy Tahoe.  And I said, I got the title, I said, it's not in my name yet; I said it's still in my uncle's, I said but it's mine.  And I said, I'll take you to go get it.**
>
> **And we drove over there.  And he told me if I was playing, he was going to fucking shoot me.  And they both had a gun.  And the other dude I didn't know, he's just some big dark-skinned dude.**
>
> **Latham:  When was this?**
>
> **Jolliff:  That truck's been gone * * * what's today, Monday?**
>
> **Latham:  Monday.**
>
> **Jolliff:  It's been gone eight days.  Last Sunday.**
>
> **Latham:  So last Sunday, Santanas, this other guy and you went to * * ***

**Jolliff: They took me over there and I told them the key was under the, what do you call them, the little carpet that you throw down, and I told him the keys was (sic) underneath there and he asked me, that's when he acted funny and he said if you got this and got the keys, then why ain't you been driving it over here? I said, cause it's almost out of gas. I said, I ain't got no money. I can't even buy no stuff. So how am I supposed to do it? And I took it and pulled around to the fuel pumps there at work and filled it up for him and Santanas just drove it.**

**\* \* \***

**Latham: And this vehicle belongs to?**

**Jolliff: John Messmer.**

Ex. 16(A). Given this evidence of Jolliff's own statements, there was more than sufficient evidence from which a jury could have concluded Jolliff was responsible for the theft of the vehicle. Jolliff's argument as to the "weakness" of the State's case is contradicted by the record. Since Jolliff has not shown any prejudice resulting from the joinder of the charges, the trial court did not err in overruling his motion to sever. The assignment of error is overruled.

{¶8} The judgment of the Court of Common Pleas of Wyandot County is affirmed.

*Judgment Affirmed*

**ROGERS, P.J. and PRESTON, J., concur.**

**/jlr**