OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Weldon Miller appeals his conviction and sentence from the Stark County Court of Common Pleas on two counts of domestic violence. Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On May 23, 2003, the Stark County Grand Jury indicted appellant on two counts of domestic violence in violation of R.C.2919.25(A), felonies of the fifth degree because appellant had a prior domestic violence conviction, one count of driving under the influence in violation or R.C. 4511.19(A)(1), a misdemeanor of the first degree, and one count of alcohol and other prohibitions in violation of R.C. 4506.15(A), also a misdemeanor of the first degree. With respect to the domestic violence counts, the indictment noted that appellant previously had been convicted of domestic violence on or about March 8, 2000, in Stark County Court of Common Pleas Case No. 1999CR1599. At his arraignment on May 30, 2003, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Thereafter, on June 12, 2003, appellant filed a "Motion for Separate Trials of Counts in the Indictment." Appellant, in his motion, argued, in relevant part, that the "combination of the two separate Domestic Violence charges may well deprive the Defendant of a fair trial." While the trial court ruled that the two domestic violence charges would be tried separately from the remaining charges, the trial court overruled appellant's motion for separate trials on the two domestic violence charges. The trial court, in so ruling, stated, in pertinent part, as follows:
 {¶ 4} "I will separate the DUI, two DUI counts from this trial; but the trial domestic violence will be tried together. It is one complaining witness, and I think there is [sic] enough safeguards to ensure the jury doesn't sweep.
 {¶ 5} "One of the issues is he already has one prior conviction, so we have that problem initially in these types of cases anyway.
 {¶ 6} "So I don't feel it is overly prejudicial to the two counts." Transcript at 87-88. The following testimony was adduced at the trial that commenced on June 18, 2003.
 {¶ 7} Officer Christopher Heslop of the Canton Police Department testified that, on December 16, 2002, at approximately 10:00 p.m., he received a domestic violence call and was dispatched to the home of Christine and Matthew Hintz. When he arrived at the Hintz residence, he observed Naomi Miller, appellant's wife, being loaded onto a stretcher. The officer testified that he believed that Miller was unconscious. During his investigation, the officer found large chunks of dark hair on some stairs and on the handrail.
 {¶ 8} The next witness to testify was Christine Hintz. Hintz, who had been friends with appellant and his wife for about five years, testified that the two came over to her house at approximately 3 or 4:00 p.m. on December 16, 2002, and that they had a few 6-packs of beer. Hintz testified that, at some point, appellant was ready to leave but that Naomi Miller, his wife, was not. According to Hintz, after Naomi Miller refused to leave, appellant grabbed Naomi roughly by the arm and dragged her out of the room. The following testimony was adduced when Hintz was asked what she saw after that: "I didn't see anything until she was outside at the bottom of the steps, and he kicked something — I can't say he connected with her, but he was really upset." Transcript at 113. Hintz further testified that Naomi Miller, who has dark hair, did not appear conscious at that time.
 {¶ 9} At trial, Officer Ryan Risher of the Magnolia Police Department testified that, on April 29, 2003, he responded to a domestic violence call at the residence of Debra Taylor in Waynesburg, Ohio. When he arrived on the scene, the officer spoke briefly with Naomi Miller, the victim, and then spoke at length with Debra Taylor, the complainant. While looking for evidence, the officer observed a dent in a wall "just above . . . where a person would be sitting at head level . . ." Transcript at 142. Upon observing Miller, Officer Risher noticed a lump on her head.
 {¶ 10} Debra Taylor next testified that, on April 29, 2003, she was sitting in her kitchen with Naomi Miller when appellant came in, said something to Naomi Miller, and then grabbed her forcefully by her head and "put her back into the wall", causing an indentation. Transcript at 155. Appellant then proceeded to throw Naomi Miller on the kitchen floor and to drag her by the arms from the kitchen through the living room and out the front door.
 {¶ 11} The next witness to testify at trial was Naomi Miller, the victim herein. Naomi Miller testified that, on December 16, 2002, appellant grabbed her by the arm and dragged her down the stairs by the hair while the two were at the Hintz residence. Naomi Miller further testified that, on April 29, 2003, while at Debra Taylor's residence, appellant grabbed her by the arm while she was sitting in a chair and "took my head and slammed my head into the wall." Transcript at 174.
 {¶ 12} At the conclusion of the evidence and the end of deliberations, the jury, on June 19, 2003, found appellant guilty of both counts of domestic violence and further found that appellant had a prior offense of domestic violence. On June 23, 2003, appellant pled guilty to the charge of driving under the influence and the charge of alcohol and other prohibitions was dismissed by the State. As memorialized in a Judgment Entry filed on June 27, 2003, appellant was sentenced to twelve months in prison on the first count of domestic violence, to be served consecutively to a prison sentence of eleven months on the second count. The trial court further sentenced appellant to three days in jail for driving under the influence.
 {¶ 13} It is from his conviction and sentence that appellant now appeals, raising the following assignment of error:
 {¶ 14} "The trial court erred in denying appellant's motion for separate trials of the two domestic violence counts in the indictment."
 I {¶ 15} Appellant, in his sole assignment of error, argues that the trial court erred in denying appellant's motion for separate trials on the two domestic violence counts in the indictment. Appellant specifically contends that his rights were prejudiced by joinder of the two domestic violence counts since, without severance of the same, the "cumulative effect was that the jury could make inferences" regarding appellant's character. We disagree.[1]
 {¶ 16} Crim. R. 14 provides:
 {¶ 17} "If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, information or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires. In ruling on a motion by a defendant for severance, the court shall order the prosecuting attorney to deliver to the court for inspection pursuant to Rule 16(B)(1)(a) any statements or confessions made by the defendants which the state intends to introduce in evidence at the trial."
 {¶ 18} "A defendant claiming error in the trial court's refusal to allow separate trials of multiple charges under Crim.R. 14 has the burden of affirmatively showing that his rights were prejudiced; he must furnish the trial court with sufficient information so that it can weigh the considerations favoring joinder against the defendant's right to a fair trial, and he must demonstrate that the court abused its discretion in refusing to separate the charges for trial." State v. Torres
(1981), 66 Ohio St.2d 340, 421 N.E.2d 1288, syllabus. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 19} To demonstrate error in failing to sever, a defendant must show that: (1) his rights were prejudiced by joinder; (2) at the time he moved to sever, he provided the court with sufficient information to weigh the considerations favoring joinder; and (3) the court abused its discretion in overruling the motion. Statev. Schaim, 65 Ohio St.3d 51, 59, 1992-Ohio-31, 600 N.E.2d 661. A defendant has not demonstrated prejudice where: (1) if the counts were severed, evidence of the alleged misconduct from each count would be admissible in separate trials; and (2) if such evidence would not be admissible, the evidence of each count was simple and direct. Id.
 {¶ 20} Regardless of whether the evidence would have been admissible in separate trials, we find the trial court did not abuse its discretion in overruling appellant's motion for separate trials as the evidence in the instant action with respect to the two counts of domestic violence was simple and direct. Appellant was indicted on two counts of domestic violence, each count involving the same victim but different dates. At trial, different witnesses testified as to each of the two counts of domestic violence. While Christine Hintz and Officer Heslop testified as to the events of December 16, 2002, Debra Taylor and Officer Risher testified as to the events of April 29, 2003. Moreover, as noted by appellee, the victim in this case, appellant's wife, "confirmed the testimony of the other witnesses and filled in gaps in the narrative of the two separate, distinct acts of domestic violence."
 {¶ 21} Furthermore, the trial court presented the jury with the following cautionary instruction:
 {¶ 22} "The charges set forth in each count of the indictment constitute a separate and distinct matter. You must consider each count and the evidence applicable to each count separately, and you must state your findings as to each count uninfluenced by your verdict as to any other count." Transcript at 226.
 {¶ 23} Based on the foregoing, we find that the trial court's decision overruling appellant's motion to sever the two counts of domestic violence was not arbitrary, unconscionable or unreasonable.
 {¶ 24} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 25} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Gwin, P.J. and Farmer, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] In its brief, the State points out appellant moved to sever prior to trial, and did not renew the motion at the close of the State's case and at the conclusion of all evidence. Some Ohio courts have held a failure to renew the motion to sever constitutes a waiver. See State v. Owens (1975),51 Ohio App.2d 132, 366 N.E.2d 1367. However, we prefer to address this claim on its merits. SeeState v. Musgrave (Oct. 26, 1998), Stark App. No. 97-CA-0135.