JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Rasul McCullar, appeals his criminal convictions for trafficking and possession of drugs, in violation of R.C. 2925.11 and R.C. 2925.03 respectively, following a trial by jury. The appellant claims his trial counsel was ineffective for failing to object to "other acts" evidence introduced at trial by the prosecution, in violation of R.C. 2945.59 and Evid.R. 404(B). On January 15, 2003, officers of the Cleveland police department's Street Crimes Unit set up a "buy and bust" drug sting operation in the area of East 101st Street, between Cedar Road and Quebec. Officers had received complaints from area residents that drugs were being sold on the street corners.
 {¶ 2} Sergeant Alan Travis parked his undercover vehicle about ten blocks away from Rasul McCullar and Alphonso Vernon, who were standing out on the street alone on one of the coldest nights of the year. Sergeant Travis observed Vernon approaching cars on the street and engaging in hand-to-hand transactions with passing motorists. He felt Vernon was engaging in drug sales, and he believed that McCullar was acting as Vernon's "lookout." He radioed for Detective Manuel Roman and Detective Jamisca Britten, who were acting as undercover buyers, to move in and attempt to buy drugs from the suspects.
 {¶ 3} Detective Roman stated that McCullar and Vernon flagged down his vehicle as he approached them. He stated that McCullar and Vernon then split up as they approached his vehicle; he believed that McCullar went to service another vehicle that had stopped behind his. Detective Roman proceeded to buy twenty dollars' worth of crack cocaine from Vernon. The detective believed that McCullar was acting as a lookout for Vernon.
 {¶ 4} Detective Britten then approached Vernon and McCullar in his vehicle after Detective Roman had left the area. Detective Britten stated he also purchased twenty dollars' worth of crack cocaine from Vernon while McCullar stood in close proximity to his vehicle acting as a lookout. After both Detectives Roman and Britten completed their drug buys, Sergeant Travis signaled Officer Anthony Goolsby to move in for the take-down and bust.
 {¶ 5} Officer Goolsby stated that he and other take-down units arrested Vernon and repeatedly ordered McCullar to approach. McCullar claimed he did not hear the officer's orders because he was wearing headphones. Officer Goolsby stated that it seemed as if McCullar was contemplating whether to run away because of the way he was looking down the street. When Officer Goolsby drew his firearm, McCullar surrendered.
 {¶ 6} On March 6, 2003, McCullar was indicted by the Cuyahoga County Grand Jury on two counts of drug possession, in violation of R.C. 2925.11; four counts of drug trafficking, in violation of R.C. 2925.03; and one count of possession of criminal tools, in violation of R.C. 2923.24. McCullar pleaded not guilty on all counts, and a jury trial commenced on May 21, 2003.
 {¶ 7} At the close of the state's case, the trial court granted McCullar's Crim.R. 29 motion for acquittal on the charge of possession of criminal tools. On May 23, 2003, the jury returned a verdict of guilty on all remaining counts.
 {¶ 8} On May 30, 2003, McCullar was sentenced to eight months incarceration on each count of drug possession and drug trafficking; all counts were ordered to run concurrently.
 {¶ 9} The appellant filed this timely appeal and presents two assignments of error for our review.
 {¶ 10} "I. The admission of unfairly prejudicial `other acts' evidence deprived the appellant of his rights to due process of law and a fair trial in violation of the Fourteenth Amendment to the United States Constitution, Art. I, Sec. 10 of the Ohio Constitution, Evid.R. 404(B) and Ohio Rev. Code 2945.59."
 {¶ 11} In his first assignment of error, the appellant claims that the trial court erred by allowing the prosecution to introduce "other acts" evidence of the appellant's arrest two years earlier for selling drugs on almost the same street corner with the same codefendant, Alphonso Vernon.
 {¶ 12} "As a general rule, evidence which tends to show that the accused has committed other crimes or acts independent of the crime for which he stands trial is not admissible to show that he acted in conformity with his bad character." State v. Elliott
(1993), 91 Ohio App.3d 763, 770. However, Ohio Evid.R. 404(B) states that "other acts" testimony may be admissible for other purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 13} R.C. 2945.59 further provides:
 {¶ 14} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, of the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 15} Evid.R. 404(B) and R.C. 2945.59 are exceptions to the general rule, which excludes evidence of previous or subsequent criminal acts by the accused that are wholly independent from the charges for which the accused is on trial. State v. Jenkins,
Cuyahoga App. No. 82622, 2004-Ohio-136; State v. Hector (1969),19 Ohio St.2d 167, 249 N.E.2d 912. Because they are exceptions, Evid.R. 404(B) and R.C. 2945.59 are strictly construed against admissibility. Id. "Other acts" evidence may be admitted only if the other act tends to show by substantial proof any of those things enumerated in R.C. 2945.59 and Evid.R. 404(B). State v.Broom (1988), 40 Ohio St.3d 277, 533 N.E.2d 682, paragraph one of the syllabus. The acts may or may not be similar to the crime at issue. Id.
 {¶ 16} The admission or exclusion of evidence lies within the trial court's sound discretion and will not be disturbed absent an abuse of discretion. State v. Sage (1987),31 Ohio St.3d 173, 510 N.E.2d 343. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. In the instant matter, Officer Ricardo Ruffin testified that he arrested the appellant and Alphonso Vernon on September 29, 2001, for trafficking drugs in the area of East 105th Street and Hudson; only four blocks away from where the appellant was accused of dealing drugs in the instant case. Officer Ruffin testified he was working undercover as a buyer and purchased drugs from a third male, who was given the drugs by the appellant.
 {¶ 17} The appellant claims the prosecutor used this testimony to prove bad character. The state claims this testimony was introduced and used to prove the appellant's motive, intent, preparation, plan, and absence of mistake or accident. We agree with the state's assertion and overrule this assignment of error.
 {¶ 18} The appellant testified that he left his house on East 55th Street, because he was bored. He stated that he walked from East 55th Street to East 101st Street to "see if anybody was around." The appellant then testified he saw Alphonso Vernon standing alone on a street corner and had a few words with him. The appellant claims he waited on the street corner for someone to come along and give him a ride back home. The appellant claims he had been waiting on the street corner within the vicinity of Vernon for only about fifteen minutes when he was arrested. The appellant further testified that he thought Vernon might be selling drugs; however, the appellant testified he was not acting in concert with, or as a lookout for Vernon. Appellant claims he was simply in the wrong place at the wrong time. When the appellant was arrested, no drugs or marked buy money were found on his person.
 {¶ 19} The trial court allowed the testimony regarding appellant's previous arrest as proof of his intent, motive, plan, and absence of mistake to sell drugs. In this case, the appellant was arrested with the same person, on almost the same block where he was arrested for trafficking drugs before. The appellant's level of participation and interaction in each instance are also similar. During his first arrest, the appellant was giving drugs to his codefendant, who was engaging in hand-to-hand transactions with potential buyers. In the instant matter, the appellant was acting as the lookout while his codefendant engaged in hand-to-hand transactions with potential buyers. The appellant never sold drugs directly to potential customers. Most importantly, Officer Ruffin inferred that the appellant seemed to be the one in charge during the first arrest, with Vernon following his directions.
 {¶ 20} After reviewing the record, we find that the trial court did not abuse its discretion in allowing "other acts" evidence of the appellant's prior arrest for drug trafficking. The appellant's first assignment of error is overruled.
 {¶ 21} "II. The appellant was denied a fair trial, due process of law and his Sixth Amendment right to effective assistance of counsel in violation of the Sixth andFourteenth Amendments to the United States Constitution."
 {¶ 22} In his second assignment of error, the appellant claims his counsel was ineffective for failing to object to the prosecution's use of "other acts" evidence. The state claims that defense counsel did in fact object to the prosecution's use of "other acts" evidence, and a hearing was conducted on the record before trial began. The state has recently supplemented the record with the transcript of that hearing.
 {¶ 23} The missing transcript provided by the prosecution provides a lengthy and in-depth debate between the prosecutor, defense counsel, and the trial court, over the introduction of "other acts" evidence. Contrary to the appellant's assertions, his counsel did object to the introduction of "other acts" evidence; an objection which was overruled by the trial court. After having the opportunity to review the entire record, we overrule the appellant's second assignment of error.
Judgment affirmed.
Blackmon, P.J., and Cooney, J., concur.