OPINION *Page 2 
{¶ 1} On April 7, 2006, the Delaware County Grand Jury indicted appellant, Manuel Anzures, Jr., on one count of trafficking in cocaine in violation of R.C. 2925.03 and one count of possession of crack cocaine in violation of R.C. 2925.11. Said charges arose from an incident wherein appellant sold crack cocaine to a confidential informant during a controlled drug buy on December 13, 2005, and possessed crack cocaine in his vehicle which was discovered in a search made subsequent to his arrest on March 23, 2006.
 {¶ 2} On May 18, 2006, appellant filed a motion for relief from prejudicial joinder, seeking to sever the two offenses. Appellant also filed motions in limine to exclude any testimony regarding a telephone call intercepted by police officers on March 23, 2006. Prior to trial, the trial court denied the motions.
 {¶ 3} A jury trial commenced on May 30, 2006. The jury found appellant guilty as charged. By judgment entry filed June 28, 2006, the trial court sentenced appellant to an aggregate sentence of seven years and two months in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING MR. ANZURES' MOTION FOR RELIEF FROM PREJUDICIAL JOINDER."
 II {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING TESTIMONY REGARDING THE TELEPHONE CALL INTERCEPTED BY DETECTIVE *Page 3 
WADSWORTH ON MARCH 23, 2006, BECAUSE THE TESTIMONY WAS INADMISSIBLE, PURSUANT TO THE OHIO RULES OF EVIDENCE."
 III {¶ 7} "THE STATE OF OHIO FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION OF MR. ANZURES ON POSSESSION OF CRACK COCAINE IN EXCESS OF TEN (10) GRAMS OF CRACK COCAINE AS SET FORTH IN COUNT TWO OF THE INDICTMENT."
 I {¶ 8} Appellant claims the trial court erred in denying his motion for relief from prejudicial joinder of the two counts in the indictment. We disagree.
 {¶ 9} A determination on severance lies in the trial court's sound discretion. State v. Schiam (1992), 65 Ohio St.3d 51. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217. Crim.R. 14 governs relief from prejudicial joinder and states the following in pertinent part:
 {¶ 10} "If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, informations or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires."
 {¶ 11} Crim.R. 8(A) governs joinder of offenses and states the following: *Page 4 
 {¶ 12} "Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."
 {¶ 13} "It is well-established that the law favors joinder because the avoidance of multiple trials conserves time and expense and minimizes the potentially incongruous outcomes that can result from successive trials before different juries." State v. Glass (March 9, 2001), Greene App. No. 2000 CA 74, at 2, citing State v. Schiebel (1990),55 Ohio St.3d 71, 86-87; State v. Torres (1981), 66 Ohio St.2d 340, 343; andState v. Thomas (1980), 61 Ohio St.2d 223, 225.
 {¶ 14} In the April 7, 2006 indictment, appellant was charged with the following:
 {¶ 15} "Count One:
 {¶ 16} "THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County of Delaware, on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about the 13th day of December 2005, Delaware County, Ohio, MANUEL ANZURES, JR.,
 {¶ 17} "did, knowingly sell or offer to sell Crack Cocaine, a schedule II controlled substance in an amount less than one gram, within 1,000 feet of a school,
 {¶ 18} "this being in violation of Section 2925.03(A)(1) of the Ohio Revised Code and against the peace and dignity of the State of Ohio.
 {¶ 19} "Count Two: *Page 5 
 {¶ 20} "THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County of Delaware, on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about the 23rd day of March 2006, in Delaware County, Ohio, MANUEL ANZURES, JR.,
 {¶ 21} "did, knowingly obtain, possess or use Crack Cocaine, a schedule II controlled substance, in an amount greater than ten grams, but less than twenty-five grams,
 {¶ 22} "* * *
 {¶ 23} "this being in violation of Section 2925.11(A) of the Ohio Revised Code and against the peace and dignity of the State of Ohio."
 {¶ 24} Via a May 18, 2006 pretrial motion filed pursuant to Crim.R. 14, appellant sought to sever the two counts for trial, arguing the two crimes were similar, and would not be admissible as "other acts" evidence under Evid.R. 404(B) if tried separately. The state filed a response on May 26, 2006, arguing the two counts were distinct crimes, and the crimes would be admissible under Evid.R. 404(B). On the morning of trial, the trial court denied appellant's motion on the record, but never journalized the ruling. T. at 7. The matter proceeded to trial culminating with guilty verdicts on both counts. Although the trial court erred in failing to journalize its ruling, we find the order is a final appealable order given the trial and verdicts.
 {¶ 25} Count 1 of the indictment involved the sale of crack cocaine to a confidential informant on December 13, 2005. Count 2 originated from a traffic stop on March 23, 2006 where a drug dog indicated a hit on appellant's vehicle and a subsequent search disclosed a baggie of crack cocaine. *Page 6 
 {¶ 26} Appellant's Crim.R. 14 motion argued prejudice would result because these two acts, although unrelated, were similar, and evidence of one act would lead the jury to believe appellant committed the second act. These are valid arguments however, pursuant to Evid. Rule 404(B), evidence of others acts may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." See, State v.McCuller, Cuyahoga App. No. 83379, 2004-Ohio-3615 (evidence of prior trafficking offense admissible in trial for trafficking and possession to prove motive, intent, plan, and absence of mistake).
 {¶ 27} Appellant's defense to Count 2 was that the vehicle he was driving was not his, but was owned by a known drug dealer, John Fisher. T. at 201. It is interesting to note Mr. Fisher testified he lent appellant his vehicle in exchange for $40.00 worth of crack cocaine. Id. Despite appellant's protestations of prejudice by the joinder of the two counts, his defense to Count 2 implicated him in other drug related criminal activity.
 {¶ 28} We note the trial court specifically instructed the jury that "[e]ach of the charges set forth in the indictment constitutes a separate and distinct matter. You must consider each of the charges and the evidence applicable to each charge separately, and you must state your findings as to each charge uninfluenced by your verdicts as to the other charge." T. at 273.
 {¶ 29} Upon review, we fail to find undue prejudice caused by the joinder of the two counts. The trial court did not err in denying appellant's motion for joinder.
 {¶ 30} Assignment of Error I is denied. *Page 7 
 II {¶ 31} Appellant claims the trial court erred in permitting Delaware County Drug Task Force Detective Brenda Wadsworth to testify on an intercepted telephone call from appellant's cell phone. We disagree.
 {¶ 32} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173;Blakemore.
 {¶ 33} Appellant argues the trial court violated Evid.R. 401 and 404(B), and the testimony prejudiced the jury.
 {¶ 34} Detective Wadsworth testified during the search of appellant's vehicle, a cell phone used by appellant was constantly ringing. T. at 105, 109. Detective Wadsworth answered the phone and a male voice asked to speak to "Manuel." T. at 109. When told "Manuel" was "tied up," the caller asked for a "30." T. at 110. A "30" means a $30.00 rock of crack cocaine. T. at 111. The police pretended to convey the message to "Manuel" to set up a deal in fifteen minutes. T. at 110. The call ended. Id. The same person called back to confirm the deal in ten minutes. Id.
 {¶ 35} Count 1 of the indictment charged appellant with selling crack cocaine. Under Evid.R. 404(B), the evidence of this intercepted cell phone conversation was relevant to prove the fact that appellant sold cocaine, and was proof of intent, preparation, plan, knowledge, and absence of mistake or accident.
 {¶ 36} Upon review, we find the trial court did not err in permitting the complained of testimony.
 {¶ 37} Assignment of Error II is denied. *Page 8 
 III {¶ 38} Appellant claims his conviction on possession of crack cocaine and the weight of the cocaine was against the sufficiency of the evidence. We disagree.
 {¶ 39} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307.
 {¶ 40} The jury found the amount of crack cocaine was in excess of ten grams, but less than twenty-five grams, making the offense a felony in the second degree. Appellant argues the record is deficient as to the weight of the cocaine.
 {¶ 41} Timothy Elliget, a criminalist with the Newark Police Department, testified he examined and weighed the crack cocaine in question, State's Exhibit 25. T. at 191-194. The weight of the cocaine was 10.62 grams (State's Exhibit 30). T. at 194. Mr. Elliget explained the only item weighed was the substance and not the baggie. Id. The police officer at the scene weighed the substance and the baggie, and together it came to 12.6 grams. T at 178-179. Mr. Elliget testified it was possible for the weight to change over time, but generally the change would be a loss in weight, not a gain in weight. T. at 195-196.
 {¶ 42} Upon review, we find sufficient evidence in the record to support the fact that the crack cocaine in question was in excess of ten grams, and the jury's decision was substantiated by the evidence. *Page 9 
 {¶ 43} Assignment of Error III is denied.
 {¶ 44} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed. By Farmer, J., Hoffman, P.J. and Edwards, J. concur separately.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.